# EXHIBIT A

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY<br>STATE OF COLORADO<br><br>100 Jefferson County Parkway<br>Golden, Colorado 80401 | σ   **COURT USE ONLY**   σ |
| **Plaintiffs:**<br>RUSSELL A. PULS, JR.<br><br>**Defendant:**<br>LANDMARK COMMUNITY NEWSPAPERS, INC., a Virginia corporation, and LANDMARK COMMUNITY NEWSPAPERS OF COLORADO, INC., a Colorado corporation | Case Number:<br><br>Div.:            Ctrm: |
| Attorney Name: Bruce G. Smith, No. 3646<br>           Darling, Bergstrom & Milligan, P.C.<br>Address: 1515 Arapahoe St., Tower I, Suite 530<br>           Denver, CO 80202<br>Phone: (303) 623-1799 Fax: (303) 623-9129<br>Email: bsmith@dbm-law.com | |
| **SUMMONS** | |

### THE PEOPLE OF THE STATE OF COLORADO
### TO THE ABOVE NAMED DEFENDANT:

You are hereby summoned and required to file with the clerk of this court an answer or other response to the attached complaint within twenty (20) after this summons is served on you in the State of Colorado, or within thirty (30) days after this summons is served on you outside the State of Colorado.

If you fail to file a written answer or other response to the complaint within the applicable time period, judgment by default may be entered against you by the Court for the relief demanded in the complaint without further notice to you.

The following documents are also served with this summons. Complaint and Jury Demand and District Court Civil (CV) Case Cover Sheet for Initial Pleading of Complaint

_Jan. 4, 2007_                                              _/s/ Bruce G. Smith_
Date                                                            Bruce G. Smith    #3646

Jan 04 07 03:41p    DB&M, PC                                                                    p.27

This summons is issued pursuant to Rule 4, CRCP, as amended. A copy of the complaint must be served with the summons.

## RETURN OF SERVICE

State of Colorado    )
                     )
County of _____ )

  I declare under oath that I served this summons and a copy of the complaint in this case on _____ in _____ County _____ on _____, 2005 at _____ .m. at the following location _____.

___ by handing it to a person identified to me as the Defendant
___ by leaving it with the Defendant who refused service
___ by leaving it with _____, designated to receive service for the Defendant.

I am over the age of eighteen (18) years and am not interested in nor a party to the case.

_____

Signature of Server

  Subscribed and sworn to before me this _____ day of _____, 2005, in _____ County, State of _____.

_____          _____
Notary Public                                         Date

Return to the Plaintiff is made on _____.

Service $_____    Mileage $_____    Total $_____

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY<br>STATE OF COLORADO<br>100 Jefferson County Parkway<br>Golden, Colorado 80401 | |
| **Plaintiff:**<br>RUSSEL A. PULS, JR.<br><br>v.<br><br>**Defendant:**<br>LANDMARK COMMUNITY NEWSPAPERS, INC., a Virginia corporation, and LANDMARK COMMUNITY NEWSPAPERS OF COLORADO, INC., a Colorado corporation | ▲ COURT USE ONLY ▲<br><br>Case Number:<br><br>Div.: _____; Ctrm.: _____ |
| Bruce G. Smith, #3646<br>DARLING, BERGSTROM & MILLIGAN, PC<br>1515 Arapahoe Street, Tower 1, Suite 530<br>Denver, CO 80202<br>(303) 623-9133<br>bsmith@dbm-law.com | |

## DISTRICT COURT CIVIL (CV) CASE COVER SHEET
## FOR INITIAL PLEADING OF COMPLAINT

1. This cover sheet shall be filed with the initial pleading of a complaint in every district court civil (CV) case. It shall be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases.

2. Check the boxes applicable to this case.

   ☐ Simplified Procedure under C.R.C.P. 16.1 applies to this case because this party does not seek a monetary judgment in excess of $100,000.00 against another party, including any attorney fees, penalties or punitive damages but excluding interest and costs and because this case is not a class action or forcible entry and detainer, Rule 106, Rule 120, or other expedited proceeding.

   ☑ Simplified Procedure under C.R.C.P. 16.1, does not apply to this case becomes (check one box below identifying why 16.1 does not apply):

   ☐ This is a class action or forcible entry and detainer, Rule 106, Rule 120, or other similar expedited proceeding,   **or**
   ☐ This party is seeking a monetary judgment for more than $100,000.00 against another party, including any attorney fees, penalties or punitive damages, but excluding interest and costs (see C.R.C.P. 16.1(c)), **or**
   ☐ Another party has previously stated in its cover sheet that C.R.C.P. 16.1 does not apply to this case.

3. ☑ This party makes a Jury Demand at this time and pays the requisite fee. See C.R.C.P.38. (Checking this box is optional.)

Date: Jan. 4, 2007                        _____
                                          Bruce G. Smith, Attorney for Plaintiff

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY<br>STATE OF COLORADO<br><br>100 Jefferson County Parkway<br>Golden, CO 80401 | σ   **COURT USE ONLY**   σ |
| **Plaintiff:**<br>RUSSELL A. PULS, JR.<br><br>**Defendant:**<br>LANDMARK COMMUNITY NEWSPAPERS, INC., a Virginia corporation, and LANDMARK COMMUNITY NEWPAPERS OF COLORADO, INC., a Colorado corporation | Case Number:<br><br>Div.:              Ctrm: |
| Attorney Name: Bruce G. Smith, No. 3646<br>              Darling, Bergstrom & Milligan, P.C.<br>Address: 1515 Arapahoe St., Tower I, Suite 530<br>              Denver, CO 80202<br>Phone: (303) 623-1799 Fax: (303) 623-9129<br>Email: bsmith@dbm-law.com | |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Russell A. Puls, Jr., by his attorneys Darling, Bergstrom & Milligan, PC, and for his complaint against Defendants Landmark Community Newspapers, Inc., and Landmark Community Newspapers of Colorado, Inc. (together, "LCNI"), avers as follows.

### General Averments

1.   Plaintiff Russell Puls is a resident of Jefferson County, Colorado and was, until August 26, 2005, employed by Defendant LCNI as advertising director for its Evergreen Newspaper Group.

2.   LCNI is doing business in the State of Colorado and Jefferson County through the Evergreen Newspaper Group.

3.   In mid-2005 Mr. Puls became increasingly concerned about conduct of the publisher toward women employees and a gay employee at the Evergreen Newspaper Group office and complained about the conduct to the publisher and LCNI's human resources director.

4.  In response the publisher and human resources department fabricated grounds to terminate Mr. Puls and did so under pretext on August 26, 2005. The termination was in retaliation for Mr. Puls making the complaints.

5.  Mr. Puls then complained to the EEOC that such action was in retaliation for Mr. Puls' complaint of sex discrimination at the employer, and that LCNI had discriminated and maintained a hostile work environment as to women.

6.  Mr. Puls' EEOC complaint was then settled on October 17, 2005, pursuant to settlement agreement entitled "Severance Agreement, General and Special Releases" (the "Settlement Agreement", attached as Exhibit A). Pursuant to the Settlement Agreement, Mr. Puls withdrew claims for unemployment compensation and his charge of discrimination with the EEOC.

7.  The Settlement Agreement provided, among other things, that LCNI would give Mr. Puls a neutral reference. It was also the firm policy and practice of LCNI to give ex-employees a neutral reference only, identifying solely their title and dates of employment. Mr. Puls relied upon this promise in the Settlement Agreement and LCNI's policy and practice when executing the Settlement Agreement and in applying for re-employment elsewhere.

8.  After the settlement, Mr. Puls began to interview for re-employment in the newspaper advertising industry. He was contacted by United Parenting Publications and offered a firm position starting January 23, 2006, that would pay Mr. Puls a minimum of $80,000 per year. (See Exhibit B attached) Mr. Puls accepted the offer.

9.  After the offer was accepted but before he started in the new job, United Parenting abruptly withdrew its offer after obtaining a negative reference from LCNI's human resources department. Upon information and belief, LCNI told United Parenting among other things that Mr. Puls had been fired from LCNI and had been a problem employee and otherwise denigrated him as an employee. United Parenting withdrew its offer of employment to Mr. Puls on the direct and sole basis of this highly negative reference by LCNI.

10. Since United Parenting pulled its firm offer of employment, Mr. Puls, a veteran advertising director, has been unable to find regular employment in newspaper advertising and has obtained only part-time contract work, due in large part to the statements made to and action taken by United Parenting. His resultant loss of annual income is estimated at over $40,000 and will continue for the foreseeable future. Mr. Puls has also undergone anxiety, depression and emotional stress due to the interference with his prospective employment.

11. The negative reference given by LCNI to United Parenting was in direct retaliation for Mr. Puls pursuing and obtaining a settlement of his initial EEO complaints to the company and the EEOC. From his complaint in mid-2005 and prior complaints

about the treatment of women and minorities, LCNI and its upper management and human resources director held a strong personal animus against Mr. Puls.

12.     LCNI went out of its way to denigrate and give Mr. Puls the negative reference and did so knowing it was false and in violation of the Settlement Agreement, that it would probably result in loss of his job with United Parenting, and with intent to injure him for exercising his rights under Title VII of the Civil Rights Act of 1964. Because of the requirement of confidentiality on Mr. Puls under the Settlement Agreement, he was precluded from informing United Parenting of the complete circumstances of his termination from LCNI or commenting on the veracity of the executives at LCNI.

### First Claim for Relief
### (Breach of Settlement Agreement)

13.     Plaintiff incorporates the averments of paragraphs 1 through 12 above as if fully set forth herein.

14.     Defendant's giving of a negative reference about Mr. Puls to United Parenting was in direct breach of the express terms of the Settlement Agreement and contravention of its firm policy of giving neutral references only.

15.     As a result, Mr. Puls has been damaged emotionally and in the loss of substantial past and future income and other consequential economic losses.

WHEREFORE, the Plaintiff seeks judgment against Defendant for all damages proven at trial by jury, for his costs, and for pre-judgment and post-judgment interest.

### Second Claim for Relief
### (Intentional Interference with Contract)

16.     Plaintiff incorporates the averments of paragraphs 1 through 15 above as if fully set forth herein.

17.     The firm job offer from United Parenting, upon Mr. Puls' acceptance, formed a contract of employment. Upon information and belief, LCNI knew of this contract when it denigrated Mr. Puls to United Parenting.

18.     By giving Mr. Puls a negative reference with knowledge it would result in his loss of his firm job with United Parenting, LCNI intentionally and tortiously interfered with Mr. Puls' contract of employment with United Parenting with punitive intent.

19. Mr. Puls is entitled to all economic, and potentially exemplary, damages arising from LCNI's tortious conduct.

WHEREFORE, the Plaintiff seeks judgment against Defendant for all damages proven at trial by jury, for his costs, and for pre-judgment and post-judgment interest.

### Third Claim for Relief
### (Violation of Title VII of the Civil Rights Act of 1964, as amended)

20. Plaintiff incorporates the averments of paragraphs 1 through 19 above as if fully set forth herein.

21. Mr. Puls filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission within 300 days of the actions of LCNI giving him a negative reference and causing his loss of the United Parenting position.

22. After investigating the charge, the EEOC issued to Mr. Puls a Notice of Right to Sue on December 13, 2006. This action is brought within 90 days of receipt of such Notice.

23. The action of LCNI in deliberately denigrating and giving Mr. Puls a negative reference was an intentional violation of the retaliation and discrimination prohibitions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and entitled him to all remedies set forth in the Act.

24. When Mr. Puls complained to LCNI about the latest retaliation, it then falsely claimed that the Plaintiff had breached the Settlement Agreement by making disparaging remarks to a third party and complaining to the EEOC, and that if he pressed his EEOC claim it would void the Agreement and he would be sued for breach of contract. This threat was further action under the continuing pattern of retaliation for Mr. Puls exercising his rights under Title VII.

WHEREFORE, the Plaintiff seeks judgment against Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42, U.S.C. § 2000e, *et seq.*, and for all remedies available thereunder, including, without limitation, backpay and front pay representing his loss of income due to loss of his position at United Parenting and other prospective employers; injunctive relief against Defendant; emotional and general damages as proven at trial; for attorney fees pursuant to statute; and for his costs and for pre-judgment and post-judgment interest as provided for by law.

**Plaintiff demands trial by jury on all issues so triable.**

Dated this 4th day of January, 2007.

DARLING, BERGSTROM & MILLIGAN, P.C

*Duly signed original on file at the offices of*
*Darling, Bergstrom & Milligan, PC*

/s/ Bruce G. Smith
_____
Bruce G. Smith, Reg. No. 3646
Attorney for Plaintiff

*This document is filed electronically pursuant to Rule 121 §1-26. The original signed document is on file at counsel's office.*

Address of Plaintiff:
28954 Needles Trail
Evergreen, CO 80439

Jan 04 07 03:37p        DB&M, PC                                                                p.20

# SEVERANCE AGREEMENT, GENERAL AND SPECIAL RELEASES

This SEVERANCE AGREEMENT, GENERAL AND SPECIAL RELEASES ("Severance Agreement") is made between Russell A. Puls, Jr. ("Puls") and Landmark Community Newspapers, Inc., Landmark Community Publications, Inc., their past, present, and future agents, employees, directors, officers, shareholders, affiliates, insurers, reinsurers, affiliated corporations or other entities, successors in interest, and newspapers (included but not limited to the newspapers referred to as Evergreen Newspapers)(referred to herein collectively as "LCNI").

A.  REASONS FOR AGREEMENT

1.  Puls separated from his employment with LCNI, effective, August 26, 2005.

2.  Puls and Landmark wish to resolve all issues related to his employment and termination.

B.  AGREEMENT

In consideration of the mutual promises and obligations contained in this Severance Agreement, Puls and LCNI agree as follows.

1.  LCNI will pay Puls $8,250.00 severance pay less all applicable, legally required deductions and withholdings in exchange for the fully executed original of this Severance Agreement and for written confirmation that Puls has withdrawn any claim or charge to the Equal Employment Opportunity Commission ("EEOC") or any other administrative agency.

2.  COBRA RIGHTS

The qualifying event concerning Puls' rights under the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. 116 et seq. ("COBRA") shall be his termination date.

3.  References

LCNI and Evergreen Newspapers will give Puls a neutral reference.

4.  General Release

Puls agrees, for himself and his heirs, representatives, successors and assigns, that he had been finally and permanently separated from employment with LCNI as of August 26, 2005, and that he waives, releases and forever discharges LCNI and all related entities, their directors, officers, employees and agents, from any and all claims, known or unknown, that he has or may have relating to or arising out of his employment with LCNI and


EXHIBIT A

the termination thereof, including but not limited to any claims of wrongful discharge, breach of express or implied contract, fraud, misrepresentation, defamation, liability in tort, claims of any kind that may be brought in any court or administrative agency, any claims under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the American with Disabilities Act, the Employee Retirement Income Security Act, the Fair Labor Standards Act, the Family and Medical Leave Act, or any other federal, state or local law relating to employment, employee benefits or the termination of employment, or any other claim arising out of or relating to Puls' employment, excepting only the provisions of this Severance Agreement and any retirement benefits he may have. Puls specifically waives any claim for benefits under, or relating to, any enhanced early retirement program that LCNI may offer to employees terminating in the future, including without limitation any claim based on LCNI's failure to advise his in advance of such program or allow his to participate in such program.

5.   Special Release Notification

The General Release, paragraph B.4 above of this Severance Agreement, includes a waiver and release of all claims under the Age Discrimination In Employment Act ("ADEA") and, therefore, pursuant to the requirements of the ADEA and the Older Workers Benefit Protection Act of 1990, Puls acknowledges that he has been (a) advised that his waiver and release includes, but is not limited to, all claims under the ADEA arising up to and including the date of execution of this waiver and release, (b) advised to consult with an attorney and/or other advisor of his choosing concerning his rights and obligations under this Severance Agreement prior to his execution of it, (c) given at least 21 days within which to consider this Severance Agreement, and (d) advised that he has 7 days following the execution of this Severance Agreement to revoke it by sending written notice to Mr. Brad Bradberry, Publisher, Evergreen Newspapers, 27902 Meadow Drive, Suite 200, Evergreen, Colorado 80439, and that this agreement shall not become effective and enforceable until the revocation period has expired.

6.   Puls agrees to withdraw any charge or claim he has asserted to the EEOC or any other administrative agency regarding LCNI. Puls agrees to and hereby does fully release, discharge, and waive LCNI from any and all claims, charges, demands, causes of action, obligations, promises, and agreements (including all attorneys' fees and costs incurred) that exist as of the execution date of this Severance Agreement, including any claims made to or before the EEOC or any other administrative agency. Puls agrees to notify the EEOC and any other administrative agency that he has contacted that he is not pursuing any claims against LCNI.

7.   Puls agrees to withdraw, release, and waive any claim he may have for unemployment compensation benefits. Puls agrees he will notify the State of Colorado Department of Labor and Employment that he is withdrawing and no longer pursuing his claim for unemployment compensation.

2

8.  Confidentiality and Cooperation

Puls agrees that he will not divulge or give to anyone any proprietary or confidential information obtained by him during his employment concerning LCNI's business or affairs, employees and services unless required to do so by legal subpoena or appropriate governmental authority. Puls confirms that he has returned to LCNI all property of any nature of LCNI in his possession.

Puls agrees that he will not disparage or say anything negative about LCNI, its employees or officers.

9.  No Admission

It is understood and agreed that, prior to entering into this Severance Agreement, LCNI has admitted no liability herein or for any benefits other than those provided by contract or LCNI policy.

10. Non-Disclosure

Puls agrees that the terms of this Severance Agreement are confidential and agrees not to disclose the facts of the Agreement set forth in the Severance Agreement or the terms of amount thereof to any person other than his attorney, income tax preparer or similar professional, or to his spouse. To the extent that he discloses this information, Puls agrees to instruct such professional or spouse that this information is to be kept confidential.

11. Puls further understands and agrees that the pledges of confidentiality, non-disparagement an non-disclosure set forth above are material inducements to LCNI to enter into the Agreement, and that any breach of such provisions by Puls would entitle LCNI to recover all amounts paid to Puls under the Agreement as well as LCNI's reasonable attorneys' fees and costs incurred in pursuing such relief.

12. No Waiver of Breach or Remedy

A waiver by LCNI of the breach of any of the provisions of this Severance Agreement by Puls shall not be deemed a waiver by LCNI of any subsequent breach, nor shall recourse to any remedy hereunder be deemed a waiver of any other or further relief or remedy provided for herein.

13. Severability

In the event that any provision of this Severance Agreement is determined to be invalid by a court of competent jurisdiction, all other provisions of this Severance Agreement shall remain in full force and effect.

3

in negotiating and executing this Severance Agreement, he has had an adequate opportunity to consult with competent counsel or other representatives of his choosing concerning the meaning and effect of each term and provision hereof, and that there are no representations, promises or agreements other than those expressly set forth in writing herein.

(c) The parties have carefully read this Severance Agreement in its entirety, fully understand and agree to its terms and provisions; intend and agree that it is final and binding and understand that, in the event of a breach, either party may seek relief, including damages, restitution and injunctive relief, at law or in equity, in a court of competent jurisdiction.

IN WITNESS WHEREOF, and intending to be legally bound, the parties have executed the foregoing Severance Agreement this 17th day of October, 2005.

LCNI

By: _____
Kim Mattingly-Hogan

STATE OF Kentucky

CITY/COUNTY OF Shelby

The foregoing instrument was acknowledged and signed before me by Kim Mattingly-Hogan this 17th day of October 2005.

_____
Notary Public

My Commission Expires:

---

_____
Russell A. Puls, Jr.

STATE OF COLORADO

CITY/COUNTY OF DENVER

The foregoing instrument was acknowledged and signed before me by Russell A. Puls, Jr. this 5th day of October, 2005.

My commission expires: 07/29/09

_____
Barbara Jo Anderson, Notary Public

4

Jan 04 07 03:39p  DB&M, PC                                      p.24
                                                                P.02

**COLORADO PARENT MAGAZINE**

*The GO-TO Source for Parents*

5460 S. Quebec Street · Suite 130
Greenwood Village, CO 80111
(p) 303.320.1000
(f) 303.722.2330
ColoradoParent.com

January 11, 2006

Russell Puls
28954 Needles Trail
Evergreen, CO 80439

Dear Russell Puls:

We are delighted you have accepted the position of Sales Manager with United Parenting Publications and *Colorado Parent*.

As we discussed, your employment will begin on January 23, 2006. You will be paid a bi-weekly amount of $1808 in base pay. You will also be eligible for $2500 in bonus paid monthly. (A compensation plan is being prepared for you). As you will be a selling manager, you will also be compensated at 10% for all your sales above $8000 a month. This will be paid monthly as well.

As you know, this offer of employment is contingent upon your passing a post-offer, pre-employment drug test. You will be notified by telephone of your drug test results.
In addition, you must execute the following documents as a condition of employment.

- Arbitration agreement
- Agreement with Restrictive Covenants

Please find enclosed the following documents for your review:

- Mutual Agreement to Arbitrate
- National Rules for the Resolution of Employment Disputes
- Arbitration Process Questions and Answers
- Agreement with Restrictive Convenants

You will be eligible to enroll on our benefits program after 60 days of employment. Our benefits program will be reviewed with you when you commence employment.

We are confident you will find this important position both fulfilling and challenging. I am sure you will make a significant contribution to our future success. Welcome to our Team!

Sincerely,

David Suslavsky
National Publishing Director

EXHIBIT
B