# EXHIBIT B

| | |
|---|---|
| **DISTRICT COURT, JEFFERSON COUNTY STATE OF COLORADO** | |
| **Court Address:**     100 Jefferson County Parkway<br>                             Golden, CO 80401 | |
| **Plaintiff:**<br>RUSSELL A. PULS, JR.<br><br>v.<br><br>**Defendant:**<br>LANDMARK COMMUNITY NEWSPAPERS, INC.,<br>a Virginia corporation, and LANDMARK COMMUNITY<br>NEWSPAPERS OF COLORADO, INC., a Colorado corporation | **COURT USE ONLY** |
| **Counsel for Defendants:**<br>Barbara A. Grandjean , #23202<br>JACOBS CHASE FRICK KLEINKOPF & KELLEY, LLC<br>1050 17th Street, Suite 1500<br>Denver, CO 80265<br>Telephone:  303.685.4800<br>Facsimile:  303.685.4869<br>E-mail:  bgrandjean@jcfkk.com | **Case Number:  2007 CV 0042**<br><br>**Division: 1        Courtroom:** |
| **ANSWER** | |

Defendants Landmark Community Newspapers, Inc. and Landmark Community

Newspapers of Colorado, Inc. (collectively referred to as Defendants or "LCNI"), by counsel,

hereby state their answers to Plaintiff Russell A. Puls, Jr.'s Complaint as follows:

1.        Upon information and belief, Defendants admit the allegations in paragraph 1 of

the Complaint.

2.        Defendants admit the allegations in paragraph 2 of the Complaint.

3.        Defendants are without knowledge or information sufficient to form a belief as to

whether Plaintiff had concerns and therefore deny that allegation.  Defendants admit that Mr.

Puls complained about the conduct of another LCNI employee toward a gay employee in 2005.

Defendants deny that Mr. Puls complained about any conduct towards female employees in mid

2005.

{00209617.DOC 2}

4.      Defendants deny the allegations in paragraph 4 of the Complaint.

5.      Defendants admit the allegations in paragraph 5 of the Complaint.

6.      Defendants admit the allegations in paragraph 6 of the Complaint.

7.      Defendants admit that the Settlement Agreement provided that LCNI give Plaintiff a neutral reference to employers not affiliated with or otherwise related to LCNI.  LCNI admits that its policy and practice is to give ex-employees neutral references, unless it is giving a reference to individuals within LCNI or to an individual employed by an affiliate or affiliated corporation or related entity of LCNI.  Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's reliance in executing the Settlement Agreement and therefore deny that allegation.

8.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore deny them.

9.      Defendants are without knowledge sufficient to form a belief regarding the timing or reasons for the offer of employment and the withdrawal of the offer and therefore deny that allegation.  Defendants deny that they told United Parenting that Plaintiff had been a problem employee or that they denigrated him as an employee.  Defendants deny that United Parenting withdrew its offer of employment to Plaintiff on the direct and sole basis of any reference by LCNI.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth allegations in paragraph 10 of the Complaint and therefore deny them.

11.     Defendants deny the allegations in paragraph 11 of the Complaint.

12.     Defendants deny the allegations in paragraph 12 of the Complaint.

### First Claim for Relief
### (Breach of Settlement Agreement)

13.     Defendants incorporate their answers to paragraphs 1 through 12.

14.     Defendants deny that they breached the Settlement Agreement and that they acted in contravention of their policies.

15.     Defendants deny that there was any breach of contract that would give rise to any damages or loss.

Defendants deny that Plaintiff is entitled to any of the relief requested.

### Second Claim for Relief
### (Intentional Interference with Contract)

16.     Defendants incorporate their answers to paragraphs 1 through 15.

17.     The first sentence of paragraph 17 of the Complaint contains legal conclusions rather than factual allegations which Defendants can admit or deny, although to the extent it was intended to contain such allegations, they are denied.  Defendants deny that they denigrated Plaintiff to United Parenting.  Defendants deny that they knew of a contract of employment between United Parenting and Plaintiff.

18.     Defendants deny the allegations in paragraph 18 of the Complaint.

19.     Defendants deny that there was any tortious conduct that would give rise to any damages or loss.

Defendants deny that Plaintiff is entitled to any of the relief requested.

### Third Claim for Relief
### (Violation of Title VII of the Civil Rights Act of 1964, as amended)

20.     Defendants incorporate their answers to paragraphs 1 through 19.

{00209617.DOC 2}                                    3

21.     Defendants admit the allegations in paragraph 21 of the Complaint.

22.     Defendants admit the allegations in paragraph 22 of the Complaint.

23.     Defendants deny the allegations in paragraph 23 of the Complaint.

24.     Defendants deny the allegations in paragraph 24 of the Complaint.

Defendants deny that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, Defendants allege the following:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants did not breach the Severance Agreement because United Parenting is an affiliate, affiliated corporation, and/or related entity of LCNI and the Severance Agreement contemplated that relevant information would be shared with affiliates, affiliated corporations and/or related entities.

### THIRD DEFENSE

Defendants did not intentionally interfere with any contract between United Parenting and Plaintiff because the contract was for at-will employment and could be terminated by either party at any time.

### FOURTH DEFENSE

Defendants have not engaged in retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. ¶ 2000(e) *et seq.*, or pursuant to any other federal or state law.

### FIFTH DEFENSE

To the extent Plaintiff is seeking punitive damages, he is not entitled to recover punitive damages in connection with his claims because Defendants' actions were in good faith and because they are barred in an initial pleading by C.R.S. § 13-21-102.

### SIXTH DEFENSE

Plaintiff is not entitled to recover attorneys' fees in connection with his claims under the allegations set forth in the Complaint.

### SEVENTH DEFENSE

Plaintiff is not entitled to injunctive relief or any form of equitable relief under the allegations set forth in the Complaint.

### EIGHTH DEFENSE

Defendants acted in good faith in dealing with Plaintiff.

### NINTH DEFENSE

Plaintiff first breached the Settlement Agreement by applying for employment with United Parenting, an affiliate, affiliated corporation, and/or related entity of Defendants.

### TENTH DEFENSE

Plaintiff's claims are barred in whole or in part by his unclean hands.

### ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel.

### TWELFTH DEFENSE

On information and belief, Plaintiff has failed to mitigate his damages, if any.

### THIRTEENTH DEFENSE

Plaintiff's damages, if any, are caused by parties other than Defendants.

Defendants reserve the right to allege additional affirmative defenses as Plaintiff's claims are clarified during the course of this litigation. Defendants will be filing a Notice of Removal to federal court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

WHEREFORE, Defendants demand that judgment be entered in their favor and against Plaintiff and that Plaintiff's claims be dismissed against Defendants in their entirety; that Defendants be awarded their attorneys' fees to the extent permitted by law; and for such other relief as this Court deems just and proper.

Respectfully submitted this 23rd day of January, 2007.

JACOBS CHASE FRICK KLEINKOPF & KELLEY, LLC

Barbara A. Grandjean

**ATTORNEYS FOR DEFENDANTS**

**Defendants' Addresses:**

Landmark Community Newspapers, Inc.
601 Taylorsville Road
Shelbyville, KY 40065

Landmark Community Newspapers of Colorado, Inc.
27902 Meadow Drive – Suite 210
Evergreen, CO 80439

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2007, a true and correct copy of the foregoing **ANSWER** was served via LexisNexis File and Serve to the following:

    Bruce G. Smith, Esq.
    Darling, Bergstrom & Milligan, P.C.
    1515 Arapahoe Street, Tower I, Suite 530
    Denver, Colorado 80202

*This document has been filed via Lexis/Nexis File and Serve in accordance with C.R.C.P. 121 and the original document and signature to be maintained on file.*