**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Case No. 07-cv-00170-RPM-CBS

RUSSELL A. PULS, JR.,

Plaintiff

v.

LANDMARK COMMUNITY NEWSPAPERS, INC.,
a Virginia corporation, and
LANDMARK COMMUNITY NEWSPAPERS OF COLORADO, INC.,
a Colorado corporation,

Defendants.

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

The Scheduling Conference was held before Magistrate Judge Craig B. Shaffer on March 13, 2007. Plaintiff Russell Puls was represented by Bruce G. Smith, 1515 Arapahoe St., Tower I, Ste. 530, Denver, CO 80202, (303) 623-9133. Defendants Landmark Community Newspapers, Inc. and Landmark Community Newspapers of Colorado, Inc. (together, "LCNI") were represented by Barbara A. Grandjean, 1050 17th Street, Suite 1500, Denver, Colorado 80265, (303) 685-4800 and William M. Furr, 1800 Bank of America Center, Norfolk, Virginia 23510, (757) 628-5651.

### 2. STATEMENT OF JURISDICTION

Original jurisdiction is asserted pursuant to 28 U.S.C. § 1331 on the basis of the claim under Title VII of the Civil Rights Act of 1964, as amended, and supplemental jurisdiction is

asserted pursuant to 28 U.S.C. § 1367(a) as to the state claims. The Plaintiff admits federal jurisdiction of the Title VII claim but denies jurisdiction of the state claims on the ground under § 1367(c)(2) that the state claims predominate over the federal claim.

**3. STATEMENT OF CLAIMS AND DEFENSES**

*Plaintiff:*

The Plaintiff claims that the Defendant breached the terms of a settlement agreement between the parties by giving a non-neutral reference to a third-party employer, Colorado Parent Magazine, that caused that employer to rescind its offer of employment to Mr. Puls, thereby resulting in economic and non-economic damages. Mr. Puls claims that the statements made to Colorado Parent Magazine constituted a breach of the settlement contract, intentionally and tortiously interfered with his contractual relationship with that employer, and violated Title VII as retaliatory action for Mr. Puls having filed and pursued a Title VII complaint against the Defendant. Mr. Puls suffered substantial loss of income and emotional damages as a result of the loss of this employment.

*Defendant(s)*

Defendants deny liability for breach of contract, tortious interference with contractual relations, and Title VII retaliation. The settlement agreement referenced above broadly defined LCNI to include companies affiliated with LCNI. Defendants assert that Trader Publishing Co. ("Trader" - publisher of Colorado Parent Magazine) was affiliated with LCNI at all relevant times, as each was owned by the same parent company, Landmark Communications, Inc. Thus, the settlement agreement contemplated that such information would be shared with Trader. In communicating with its affiliate, LCNI did not breach the settlement agreement, tortiously

interfere with contractual relations, or violate Title VII. LCNI denies that Plaintiff is entitled to any relief and reserves the right to raise additional defenses should they arise.

**4. UNDISPUTED FACTS**

The following facts are undisputed:

1. Mr. Puls was employed by Defendant LCNI as advertising director for its Evergreen Newspaper Group until his separation on August 26, 2005.

2. LCNI was doing business in the State of Colorado as Evergreen Newspaper Group.

3. Mr. Puls complained to the Equal Employment Opportunity Commission ("EEOC") that his termination was in retaliation for making a complaint of sex discrimination and for maintenance of a hostile work environment toward women.

4. Mr. Puls' complaints were settled on October 17, 2005, pursuant to a settlement agreement entitled "Severance Agreement, General and Special Releases" (the "Settlement Agreement").

5. Mr. Puls filed a charge of discrimination and retaliation with the EEOC.

6. The EEOC issued to Mr. Puls a Notice of Right to Sue on December 13, 2006, and Mr. Puls brought this action within 90 days of receipt of such Notice.

**5. COMPUTATION OF DAMAGES**

Mr. Puls claims economic damages in his loss of employment income due to the rescission of his offer of employment by Colorado Parent Magazine. The loss of income is estimated at $65,000 for 2006 and the future loss of income is estimated at $200,000.

Mr. Puls alleges non-economic damages in emotional stress and anxiety due to the actions taken by LCNI in the estimated amount of $200,000.

Mr. Puls seeks all other legal and equitable remedies available under Title VII, including, without limitation, injunctive relief and attorney fees.

## 6. REPORT OF PRE-CONFERENCE DICOVERY & MEETING UNDER Fed. R. Civ. P. 26(f)

a. A rule 26(f) meeting was held February 26, 2007.

b. Participating were: Plaintiff Russell Puls was represented by Bruce G. Smith. Defendants Landmark Community Newspapers, Inc. and Landmark Community Newspapers of Colorado, Inc. (together, "LCNI") were represented by Barbara A. Grandjean and William M. Furr.

c. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): None.

d. Statement as to when rule 26(a)(1) disclosures were made or will be made: March 6, 2007.

e. Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement: None.

f. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form: No.

Describe any agreements the parties have reached for asserting claims or privilege or of protection as trial-preparation materials after production of computer-generated records: None.

**7. CASE PLAN AND SCHEDULE**

The parties have discussed a modified case plan based on the following. The Defendant contends that it was permitted to share non-neutral employment information with Colorado Parent Magazine as an "affiliate" of LCNI, and intends to file a motion for summary judgment on that issue. Accordingly, it seeks a deferral of other discovery until the resolution of the motion. The Plaintiff disagrees that Colorado Parent Magazine was an "affiliate" under the applicable law or under the meaning, and intent as to operation, of the Settlement Agreement, disagrees that such issue is necessarily one of law, and disagrees that a grant of the motion would necessarily dispose of the case. However, Mr. Puls agrees that resolution of the summary judgment motion may assist in the resolution of the case and he agrees to the deferral of other discovery in the case, provided he is afforded full discovery related to the summary judgment issue.

**a. Deadline for Joinder of Parties and Amendment of Pleadings:** May 1, 2007.

**b. Discovery Cut-off:** Discovery related to the above summary judgment issue shall be concluded by May 7, 2007. All other discovery shall be deferred pending resolution of the motion, at which time the parties may submit a modified proposed scheduling order as to additional discovery.

**c. Dispositive Motion Deadline:** ~~Defendant~~ The parties shall file any summary judgment motions on the above issue on May 22, 2007. A deadline for all other motions shall be deferred pending resolution of such motion, at which time the parties may submit a modified proposed scheduling order setting forth any additional motion deadlines.

**d. Expert Witness Disclosure**

(1) Anticipated fields of expert testimony:

Plaintiff anticipates expert testimony on economic damages and the applicable job market. Defendant anticipates a rebuttal expert on such issues.

(2) State any limitations proposed on the use or number of expert witnesses.

None at this time.

(3) The parties request deferral of expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2) until resolution of the above motion for summary judgment, at which time the parties may submit a modified proposed scheduling order with disclosure dates.

(4) The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2): See subparagraph (3) above.

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

**e. Deposition Schedule:** The following depositions have been scheduled related to the above summary judgment issue. This listing shall not foreclose other depositions related to such issue by the deadline set forth above.

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
|---|---|---|---|
| David Saslavsky | March 13, 2007 | 10:30 a.m. | 1½ hours |
| | | | |

Depending on the outcome of the summary judgment motion, Plaintiff reserves the right to depose the following:

Gary Craig

Kristen DePaola

Brad Bradberry

Kim Hogan

Donald Porterfield

Michael Abernathy

Defendant reserves the right to take the Plaintiff's deposition.

Such other deponents as may be shown to have important information by further discovery.

**f. Interrogatory Schedule:** All interrogatories related to the issue raised by the summary judgment motion shall be served by March 30, 2007. All other interrogatories shall be deferred pending resolution of the summary judgment motion.

**g. Schedule for Request for Production of Documents:** All requests for production of documents related to the issue raised by summary judgment shall be served by March 30, 2007. All other requests shall be deferred pending resolution of the summary judgment motion.

**h. Discovery Limitations:**

(1) Any limits which any party wishes to propose on the number of depositions: None.

(2) Any limits which any party wishes to propose on the length of depositions: None.

(3) Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules: None.

(4) Limitations which any party proposes on number of requests for production of documents and/or requests for admissions: None.

i. **Other Planning or Discovery Orders:** None.

**8. SETTLEMENT**

The parties certify that they have discussed the possibilities of a prompt settlement or resolution of the case by alternative dispute resolution. The parties agree that it is premature to meaningfully discuss settlement pending the outcome of the Defendant's planned summary judgment motion, but that the resolution of such motion will probably lead to meaningful discussions thereafter.

**9. OTHER SCHEDULING ISSUES**

a. A statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement: None.

b. Anticipated length of trial and whether trial is to the court or jury: Trial is to a jury and is anticipated to be three days.

**10. AMENDMENTS TO SCHEDULING ORDER**

The Scheduling Order may be altered or amended only upon a showing of ***good cause.***

DATED at Denver, Colorado, this 13th day of March, 2007.

BY THE COURT:

s/ Craig B. Shaffer
Craig B. Shaffer
United States Magistrate Judge

SCHEDULING ORDER REVIEWED:

s/Bruce Smith
Bruce G. Smith
Darling, Bergstrom & Milligan, PC
1515 Arapahoe Street, Tower 1, Suite 530
Denver, Colorado 80202
(303)623-9133
Attorney for Plaintiff

s/Barbara A. Grandjean
Barbara A. Grandjean
Jacobs Chase Frick Kleinkopf & Kelley, LLC
1050 17th Street, Suite 1500
Denver, Colorado 80265
(303)685-4800
Attorney for Defendants

William M. Furr
Willcox & Savage, P.C.
1800 Bank of America Center
Norfolk, Virginia 23510
(757) 628-5651
Attorney for Defendants