IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00170–RPM-CBS

RUSSELL A. PULS, JR.
        Plaintiff,

v.

LANDMARK COMMUNITY NEWSPAPERS, INC.,
A Virginia corporation, and LANMARK COMMUNITY
NEWSPAPERS OF COLORASDO, INC., a Colorado corporation

        Defendants.

---

## PROTECTIVE ORDER

---

        Each Party and each Counsel of Record stipulate and move the Court for a Protective

Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of

Confidential Information (as hereinafter defined), and, as grounds therefore, state as follows:

        1.        Confidential Information shall mean any confidential business or commercial

information and shall include all discovery responses provided by any party to this action,

including without limitation any document produced, any interrogatory answered, any response

to a request for admission, or any deposition testimony given by a party or a third-party witness,

whether or not such information is specifically marked, labeled, stamped or otherwise designated

as "Confidential" by the producing party.  Confidential Information shall also include any

document attached as an exhibit to a pleading filed with or otherwise submitted to the Court

which has been specifically marked, labeled, stamped or otherwise designated as "Confidential"

by the submitting party (hereafter "Confidential Information").

1

2.      Except with the prior written consent of the party who authored, created, produced or otherwise generated such information, Confidential Information (including, but not limited to, summaries, copies, or extracts thereof) shall not be shown or disclosed to anyone except for the following persons:

    a.   the parties' counsel of record and their co-counsel, if any, as well as their respective support staff, secretaries and paralegals;

    b.   the parties;

    c.   Deponents in a deposition;

    d.   Subject to paragraph 3, any person who is expressly retained by a party, or such party's counsel for the sole purpose of providing expert consultation or testimony in this action;

    e.   subject to paragraph 3, any person or entity retained by a party or such party's counsel to provide investigative services in connection with this action; and,

    f.   the Judge, the Court or a court-appointed mediator in this action.

3.      The Parties counsel of record, for themselves and their co-counsel, if any, agree to be bound by the terms and conditions of this Protective Order.  Before providing Confidential Information to any other person or entity as described in sub-paragraphs 2b or 2c above, the parties of counsel providing such Confidential Information, shall first obtain the recipient's written agreement to abide by the terms and conditions of this Stipulation.  Such information shall be provided subject to the limitations and restrictions of paragraph 4, below.

4.      All persons having access to Confidential Information authored, created, produced or otherwise generated by an adverse party, shall treat such information and/or document as strictly confidential, shall not permit access to such Confidential Information except as specifically authorized by this Protective Order.  Said Confidential Information shall not be discussed with anyone other than the counsel seeking permission to disclose the Confidential Information pursuant to paragraph 3, and such Confidential Information shall be used solely for the prosecution or defense of this action and not for any business or any other purpose whatsoever, including without limitation, the prosecution or defense of any other arbitration,

I-753350.1

litigation or other proceeding or the investigation or assertion, in any form or forum whatsoever, of any claim, counterclaim or other cause of action not asserted in the present action. Nor shall such Confidential Information be used by the parties' counsel, directly, or indirectly, to solicit new litigation business or to enter into new client relationships.

5.      If a party objects to the continued treatment of any discovery response or document as "Confidential Information," the attorney for that party shall provide written notice of such objection to opposing counsel. Counsel for the parties shall then confer, either in writing, in person, or by telephone, in an effort to informally resolve the dispute. If the parties are unable to resolve such dispute, the objecting party, within 30 days after notifying the opposing party of its objection, may file a motion with the Court for appropriate relief. Until the Court has ruled on such motion, the disputed discovery response or document shall be treated in all respects as "Confidential Information" pursuant to this Protective Order.

6.      Nothing in this Protective Order shall prevent any party from:

a.      seeking a modification of this Protective Order for good cause shown, provided, however, that any modification which permits broader disclosure of Confidential Information than that contemplated herein shall require the approval of the Court and shall be formulated in such a way as to minimize the disclosure of Confidential Information and to provide adequate safeguards against the improper use of such material;

b.      requesting such supplemental orders as may be necessary to implement the intention of this Protective Order; or

c.      objecting to discovery which it believes to be otherwise improper.

7.      The obligation to maintain the confidentiality of Confidential Information shall continue indefinitely following the final disposition of this action, unless and until the party who authored, created or otherwise generated such Confidential Information consents in writing to its disclosure or such Confidential Information is published or disseminated to the general public by said party.

I-753350.1

8.      This Protective Order and any modification hereof may be enforced by the Court and any violation may be remedied by payment of such sums as the Court deems appropriate.

DATED at Denver, Colorado, this 11th day of April, 2007.

BY THE COURT:

_s/Craig B. Shaffer_
Craig B. Shaffer
United States Magistrate Judge