## SEVERANCE AGREEMENT, GENERAL AND SPECIAL RELEASES

This SEVERANCE AGREEMENT, GENERAL AND SPECIAL RELEASES ("Severance Agreement") is made between Russell A. Puls, Jr. ("Puls") and Landmark Community Newspapers, Inc., Landmark Community Publications, Inc., their past, present, and future agents, employees, directors, officers, shareholders, affiliates, insurers, reinsurers, affiliated corporations or other entities, successors in interest, and newspapers (included but not limited to the newspapers referred to as Evergreen Newspapers)(referred to herein collectively as "LCNI").

A.   REASONS FOR AGREEMENT

1.   Puls separated from his employment with LCNI, effective, August 26, 2005.

2.   Puls and Landmark wish to resolve all issues related to his employment and termination.

B.   AGREEMENT

In consideration of the mutual promises and obligations contained in this Severance Agreement, Puls and LCNI agree as follows.

1.   LCNI will pay Puls $8,250.00 severance pay less all applicable, legally required deductions and withholdings in exchange for the fully executed original of this Severance Agreement and for written confirmation that Puls has withdrawn any claim or charge to the Equal Employment Opportunity Commission ("EEOC") or any other administrative agency.

2.   COBRA RIGHTS

The qualifying event concerning Puls' rights under the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. 116 et seq. ("COBRA") shall be his termination date.

3.   References

LCNI and Evergreen Newspapers will give Puls a neutral reference.

4.   General Release

Puls agrees, for himself and his heirs, representatives, successors and assigns, that he had been finally and permanently separated from employment with LCNI as of August 26, 2005, and that he waives, releases and forever discharges LCNI and all related entities, their directors, officers, employees and agents, from any and all claims, known or unknown, that he has or may have relating to or arising out of his employment with LCNI and



EXHIBIT A

the termination thereof, including but not limited to any claims of wrongful discharge, breach of express or implied contract, fraud, misrepresentation, defamation, liability in tort, claims of any kind that may be brought in any court or administrative agency, any claims under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the American with Disabilities Act, the Employee Retirement Income Security Act, the Fair Labor Standards Act, the Family and Medical Leave Act, or any other federal, state or local law relating to employment, employee benefits or the termination of employment, or any other claim arising out of or relating to Puls' employment, excepting only the provisions of this Severance Agreement and any retirement benefits he may have. Puls specifically waives any claim for benefits under, or relating to, any enhanced early retirement program that LCNI may offer to employees terminating in the future, including without limitation any claim based on LCNI's failure to advise his in advance of such program or allow his to participate in such program.

5. Special Release Notification

The General Release, paragraph B.4 above of this Severance Agreement, includes a waiver and release of all claims under the Age Discrimination In Employment Act ("ADEA") and, therefore, pursuant to the requirements of the ADEA and the Older Workers Benefit Protection Act of 1990, Puls acknowledges that he has been (a) advised that his waiver and release includes, but is not limited to, all claims under the ADEA arising up to and including the date of execution of this waiver and release, (b) advised to consult with an attorney and/or other advisor of his choosing concerning his rights and obligations under this Severance Agreement prior to his execution of it, (c) given at least 21 days within which to consider this Severance Agreement, and (d) advised that he has 7 days following the execution of this Severance Agreement to revoke it by sending written notice to Mr. Brad Bradberry, Publisher, Evergreen Newspapers, 27902 Meadow Drive, Suite 200, Evergreen, Colorado 80439, and that this agreement shall not become effective and enforceable until the revocation period has expired.

6. Puls agrees to withdraw any charge or claim he has asserted to the EEOC or any other administrative agency regarding LCNI. Puls agrees to and hereby does fully release, discharge, and waive LCNI from any and all claims, charges, demands, causes of action, obligations, promises, and agreements (including all attorneys' fees and costs incurred) that exist as of the execution date of this Severance Agreement, including any claims made to or before the EEOC or any other administrative agency. Puls agrees to notify the EEOC and any other administrative agency that he has contacted that he is not pursuing any claims against LCNI.

7. Puls agrees to withdraw, release, and waive any claim he may have for unemployment compensation benefits. Puls agrees he will notify the State of Colorado Department of Labor and Employment that he is withdrawing and no longer pursuing his claim for unemployment compensation.

8.  Confidentiality and Cooperation

Puls agrees that he will not divulge or give to anyone any proprietary or confidential information obtained by him during his employment concerning LCNI's business or affairs, employees and services unless required to do so by legal subpoena or appropriate governmental authority. Puls confirms that he has returned to LCNI all property of any nature of LCNI in his possession.

Puls agrees that he will not disparage or say anything negative about LCNI, its employees or officers.

9.  No Admission

It is understood and agreed that, prior to entering into this Severance Agreement, LCNI has admitted no liability herein or for any benefits other than those provided by contract or LCNI policy.

10. Non-Disclosure

Puls agrees that the terms of this Severance Agreement are confidential and agrees not to disclose the facts of the Agreement set forth in the Severance Agreement or the terms of amount thereof to any person other than his attorney, income tax preparer or similar professional, or to his spouse. To the extent that he discloses this information, Puls agrees to instruct such professional or spouse that this information is to be kept confidential.

11. Puls further understands and agrees that the pledges of confidentiality, non-disparagement an non-disclosure set forth above are material inducements to LCNI to enter into the Agreement, and that any breach of such provisions by Puls would entitle LCNI to recover all amounts paid to Puls under the Agreement as well as LCNI's reasonable attorneys' fees and costs incurred in pursuing such relief.

12. No Waiver of Breach or Remedy

A waiver by LCNI of the breach of any of the provisions of this Severance Agreement by Puls shall not be deemed a waiver by LCNI of any subsequent breach, nor shall recourse to any remedy hereunder be deemed a waiver of any other or further relief or remedy provided for herein.

13. Severability

In the event that any provision of this Severance Agreement is determined to be invalid by a court of competent jurisdiction, all other provisions of this Severance Agreement shall remain in full force and effect.

in negotiating and executing this Severance Agreement, he has had an adequate opportunity to consult with competent counsel or other representatives of his choosing concerning the meaning and effect of each term and provision hereof, and that there are no representations, promises or agreements other than those expressly set forth in writing herein.

(c) The parties have carefully read this Severance Agreement in its entirety; fully understand and agree to its terms and provisions; intend and agree that it is final and binding and understand that, in the event of a breach, either party may seek relief, including damages, restitution and injunctive relief, at law or in equity, in a court of competent jurisdiction.

IN WITNESS WHEREOF, and intending to be legally bound, the parties have executed the foregoing Severance Agreement this 17th day of October, 2005.

LCNI

By: _____
Kim Mattingly-Hogan

STATE OF Kentucky

CITY/COUNTY OF Shelby

The foregoing instrument was acknowledged and signed before me by Kim Mattingly-Hogan this 17th day of October 2005.

_____
Notary Public

My Commission Expires:

--------------------------------------------------

_____
Russell A. Puls, Jr.

STATE OF COLORADO

CITY/COUNTY OF DENVER

The foregoing instrument was acknowledged and signed before me by Russell A. Puls, Jr. this 5th day of October, 2005.

My commission expires: 07/29/09

_____
Barbara Jo Anderson, Notary Public

4