**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No.: 07-CV-00170-RPM-CBS

RUSSELL A. PULS, JR.,

     Plaintiff,

vs.

LANDMARK COMMUNITY NEWSPAPERS, INC.,
a Virginia corporation, and LANDMARK COMMUNITY
NEWSPAPERS OF COLORADO, INC., a Colorado corporation

     Defendants.

---

## AMENDED COMPLAINT AND JURY DEMAND

---

Plaintiff Russell A. Puls, Jr., by his attorneys Darling, Bergstrom & Milligan, PC, and for his amended complaint against Defendants Landmark Community Newspapers, Inc., and Landmark Community Newspapers of Colorado, Inc. (together, "LCNI"), avers as follows.

### General Averments

1.    Plaintiff Russell Puls is a resident of Jefferson County, Colorado and was, until August 26, 2005, employed by Defendant LCNI as advertising director for its Evergreen Newspaper Group.

2.    LCNI is doing business in the State of Colorado and Jefferson County through the Evergreen Newspaper Group.

3.    In mid-2005 Mr. Puls became increasingly concerned about conduct of the publisher toward women employees and a gay employee at the Evergreen Newspaper

Group office and complained about the conduct to the publisher and LCNI's human resources director.

4.     In response, the publisher and human resources department fabricated grounds to terminate Mr. Puls and did so under pretext on August 26, 2005. The termination was in retaliation for Mr. Puls making the complaints.

5.     Mr. Puls then complained to the Equal Employment Opportunity Commission (EEOC) that such action was in retaliation for Mr. Puls' complaint of sex discrimination at the employer, and that LCNI had discriminated and maintained a hostile work environment as to women.

6.     Mr. Puls' EEOC complaint was then settled on October 17, 2005, pursuant to a settlement agreement entitled "Severance Agreement, General and Special Releases" (the "Settlement Agreement", attached as Exhibit A). Pursuant to the Settlement Agreement, Mr. Puls withdrew claims for unemployment compensation and his charge of discrimination with the EEOC. In sum, in exchange for such withdrawal LCNI agreed to pay additional moneys to Mr. Puls, re-characterize his separation, and bind itself to disclosing only limited information about the separation.

7.     The Settlement Agreement provided, among other things, that LCNI would give Mr. Puls a neutral reference to prospective employers. It was also the firm policy and practice of LCNI to give ex-employees a neutral reference only, identifying solely their title and dates of employment. Mr. Puls relied upon this promise in the Settlement Agreement and LCNI's policy and practice when executing the Settlement Agreement and in applying for re-employment elsewhere.

8.      The Settlement Agreement also provided a stipulation that Mr. Puls had initiated the separation from employment. This provision was insisted upon by Mr. Puls so that he could represent to prospective employers thereafter that he had not been discharged, and constituted an effective amendment of the terms and circumstances of his separation stipulated to by the parties, and was so intended. Mr. Puls would not have entered into the Agreement without the foregoing provisions and relied upon their intent as set forth above in entering into the Agreement and in applying for new positions.

9.      After the settlement, Mr. Puls began to interview for re-employment in the newspaper advertising industry. He was contacted by United Parenting Publications and offered a firm position starting January 23, 2006, that would pay Mr. Puls a minimum of $80,000 per year. (See Exhibit B attached) Mr. Puls accepted the offer.

10.      After the offer was accepted but before he started in the new job, United Parenting abruptly withdrew its offer after obtaining a negative reference from LCNI's human resources department. LCNI initiated a call to United Parenting and told that company's human resources managers, among other things, that Mr. Puls had been fired from LCNI and that he was unethical. United Parenting withdrew its offer of employment to Mr. Puls on the direct and sole basis of this inaccurate and highly negative reference by LCNI.

11.      Since United Parenting pulled its firm offer of employment, Mr. Puls, a veteran advertising director, has been unable to find regular employment in newspaper advertising and has obtained only part-time contract work, due in large part to the statements made to and action taken by United Parenting. His resultant loss of annual income is estimated at over $40,000 and will continue for the foreseeable future. Mr.

Puls has also undergone anxiety, depression and emotional stress due to the interference with his prospective employment.

12.     The negative reference given by LCNI to United Parenting was in direct retaliation for Mr. Puls pursuing and obtaining a settlement of his initial EEO complaints to the company and the EEOC.  From his complaint in mid-2005 and prior complaints about the treatment of women and minorities, LCNI and its upper management and human resources director held a strong personal animus against Mr. Puls.

13.     LCNI went out of its way to denigrate and give Mr. Puls the negative reference and did so knowing it was false and in violation of the Settlement Agreement, that it had no legitimate business reason to do so, and that it would probably result in loss of his job with United Parenting, and with intent to injure him for exercising his rights under Title VII of the Civil Rights Act of 1964.  Because of the requirement of confidentiality on Mr. Puls under the Settlement Agreement, he was precluded from informing United Parenting of the complete circumstances of his termination from LCNI or commenting on the veracity of the executives at LCNI.

### First Claim for Relief

### (Breach of Settlement Agreement)

14.     Plaintiff incorporates the averments of paragraphs 1 through 13 above as if fully set forth herein.

15.     Defendant's giving of its negative reference and information about Mr. Puls to United Parenting was in direct breach of the express terms of the Settlement Agreement and in contravention of its firm policy of giving neutral references only.

16.     As a result, Mr. Puls has been damaged emotionally and in the loss of substantial past and future income and other consequential economic losses.

WHEREFORE, the Plaintiff seeks judgment against Defendant for all damages proven at trial by jury, for his costs, and for pre-judgment and post-judgment interest.

## Second Claim for Relief

### (Intentional Interference with Contract)

17.     Plaintiff incorporates the averments of paragraphs 1 through 16 above as if fully set forth herein.

18.     The firm job offer from United Parenting, upon Mr. Puls' acceptance, formed a contract of employment.  Upon information and belief, LCNI knew of this contract when it denigrated Mr. Puls to United Parenting.

19.     By giving Mr. Puls its negative reference with knowledge it would result in his loss of his firm job with United Parenting, LCNI intentionally and tortiously interfered with Mr. Puls' contract of employment with United Parenting with punitive intent.

20.     Mr. Puls is entitled to all economic, and potentially exemplary, damages arising from LCNI's tortious conduct.

WHEREFORE, the Plaintiff seeks judgment against Defendant for all damages proven at trial by jury, for his costs, and for pre-judgment and post-judgment interest.

## Third Claim for Relief

### (Violation of Title VII of the Civil Rights Act of 1964, as amended)

21.     Plaintiff incorporates the averments of paragraphs 1 through 20 above as if fully set forth herein.

22.     Mr. Puls filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission within 300 days of the actions of LCNI giving him a negative reference and causing his loss of the United Parenting position.

23.     After investigating the charge, the EEOC issued to Mr. Puls a Notice of Right to Sue on December 13, 2006.  This action is brought within 90 days of receipt of such Notice.

24.     The action of LCNI in deliberately denigrating and giving Mr. Puls its negative reference was an intentional violation of the retaliation and discrimination prohibitions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, and entitled him to all remedies set forth in the Act.

25.     When Mr. Puls complained to LCNI about the latest retaliation, it then falsely claimed that the Plaintiff had breached the Settlement Agreement by making disparaging remarks to a third party and complaining to the EEOC, and that if he pressed his EEOC claim it would void the Agreement and he would be sued for breach of contract.  This threat was further action under the continuing pattern of retaliation for Mr. Puls' exercising his rights under Title VII.

WHEREFORE, the Plaintiff seeks judgment against Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42, U.S.C. § 2000e, *et seq.*, and for all remedies available thereunder, including, without limitation, backpay and front pay representing his loss of income due to loss of his position at United Parenting and other prospective employers; injunctive relief against Defendant; emotional and general damages as proven at trial; for attorney fees pursuant to statute; and for his costs and for pre-judgment and post-judgment interest as provided for by law.

**Plaintiff demands trial by jury on all issues so triable.**

Respectfully submitted this 1st day of May, 2007.

DARLING, BERGSTROM & MILLIGAN, PC

By: _____
Bruce G. Smith
Attorney for Plaintiff
1515 Arapahoe Street
Tower 1, Suite 530
Denver, CO  80202
Telephone: (303) 623-9133

Address of Plaintiff:
28954 Needles Trail
Evergreen, CO 80439

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2007, a true and correct copy of the foregoing Amended Complaint was filed electronically and served to the following:

Barbara A. Grandjean, Esq.
Jacobs, Chase, Frick, Kleinkopf & Kelley, LLC
1050 17th Street, Suite 1500
Denver, Colorado 80265

William M. Furr, Esq.
Willcox & Savage, P.C.
1800 Bank of America Center
Norfolk, Virginia 23510

Chris Allen, Legal Assistant