*The U.S. Equal Employment Opportunity Commission*

---

EEOC DIRECTIVES TRANSMITTAL
Number 915.003
Date 5/20/98

| | |
|---|---|
| SUBJECT: | EEOC COMPLIANCE MANUAL |
| PURPOSE: | This transmittal covers the issuance of Section 8 of the new Compliance Manual on "Retaliation". The section provides guidance and instructions for investigating and analyzing claims of retaliation under the statutes enforced by the EEOC. |
| EFFECTIVE DATE: | Upon receipt |
| DISTRIBUTION: | EEOC Compliance Manual holders |
| OBSOLETE DATA: | Section 614 of Compliance Manual, Volume 2 |
| FILING INSTRUCTIONS: | This is the first section issued as part of the new Compliance Manual. Section 614 of the existing Compliance Manual should be discarded. |

/s/
----------------------------
Paul M. Igasaki
Chairman

**Exhibit A-4**

SECTION 8: RETALIATION
TABLE OF CONTENTS

(Note: Page numbering applies only to printed version as distributed by EEOC, or to PDF version as available on the EEOC web site, http://www.eeoc.gov/.)

CHARGE-PROCESSING OUTLINE..................................................iii

8-I.  INTRODUCTION............................................................8-1
      A.   OVERVIEW ..........................................................8-1

```
        B.   BASIS FOR FILING A CHARGE................................8-2

8-II. ELEMENTS OF A RETALIATION CLAIM...................................8-3
        A.   OVERVIEW ................................................8-3
        B.   PROTECTED ACTIVITY:  OPPOSITION..........................8-3
             1.   Definition..........................................8-3
             2.   Examples of Opposition..............................8-4
             3.   Standards Governing Application of the Opposition
                  Clause..............................................8-7
                  a.   Manner of Opposition Must Be Reasonable ..8-7
                  b.   Opposition Need Only Be Based on Reasonable
                       and Good Faith Belief ....................8-8
                  c.   Person Claiming Retaliation Need Not Be the
                       Person Who Engaged in Opposition .........8-9
                  d.   Practices Opposed Need Not Have Been Engaged
                       in by the Named Respondent ...............8-9
        C.   PROTECTED ACTIVITY:  PARTICIPATION ......................8-9
             1.   Definition..........................................8-9
             2.   Participation Is Protected Regardless of Whether
                  the Allegations in the Original Charge Were Valid
                  or Reasonable ......................................8-9
             3.   Person Claiming Retaliation Need Not Be the Person
                  Who Engaged in Participation.......................8-10
             4.   The Practices Challenged in Prior or Pending
                  Statutory Proceedings Need Not Have Been Engaged
                  in by the Named Respondent ........................8-10
        D.   ADVERSE ACTION .........................................8-11
             1.   General Types of Adverse Actions...................8-11
             2.   Adverse Actions Can Occur After the Employment
                  Relationship Between the Charging Party and
                  Respondent Has Ended...............................8-12
             3.   Adverse Actions Need Not Qualify as "Ultimate
                  Employment Action" or Materially Affect the Terms
                  or Conditions of Employment to Constitute
                  Retaliation .......................................8-13
        E.   PROOF OF CAUSAL CONNECTION .............................8-15
             1.   Direct Evidence ...................................8-16
             2.   Circumstantial Evidence ...........................8-17

8-III.    SPECIAL REMEDIES ISSUES ...................................8-20
        A.   TEMPORARY OR PRELIMINARY RELIEF.........................8-20
        B.   COMPENSATORY AND PUNITIVE DAMAGES.......................8-21
             1.   Availability of Damages for Retaliation Under ADEA
                  and EPA ...........................................8-21
             2.   Appropriateness of Punitive Damages ...............8-21
```

CHARGE-PROCESSING OUTLINE

In processing a charge involving an allegation of retaliation, consider the following issues (for a detailed discussion of each issue, see accompanying chapter at referenced pages):

ADA prohibit retaliation against someone so closely related to or associated with the person exercising his or her statutory rights that it would discourage or prevent the person from pursuing those rights. For example, it would be unlawful for a respondent to retaliate against an employee because his or her spouse, who is also an employee, filed an EEOC charge\27. Both spouses, in such circumstances, could bring retaliation claims.

> 4. The Practices Challenged in Prior or Pending Statutory Proceedings Need Not Have Been Engaged in by the Named Respondent

An individual is protected against retaliation for participation in employment discrimination proceedings even if those proceedings involved a different entity\28. For example, a violation would be found if a respondent refused to hire the charging party because it was aware that she filed an EEOC charge against her former employer.

D.    ADVERSE ACTION

   1.   General Types of Adverse Actions

The most obvious types of retaliation are denial of promotion, refusal to hire, denial of job benefits, demotion, suspension, and discharge. Other types of adverse actions include threats, reprimands, negative evaluations, harassment, or other adverse treatment.

Suspending or limiting access to an internal grievance procedure also constitutes an "adverse action." For example, in EEOC v. Board of Governors of State Colleges & Universities\29, a university's collective bargaining agreement provided for a specific internal grievance procedure leading to arbitration. The agreement further provided that this procedure could be terminated if the employee sought resolution in any other forum, such as the EEOC. The Seventh Circuit ruled that termination of the grievance process constituted an adverse employment action in violation of the anti-retaliation clause of the ADEA\30.

> 2. Adverse Actions Can Occur After the Employment Relationship Between the Charging Party and Respondent Has Ended

In Robinson v. Shell Oil Company,\31 the Supreme Court unanimously held that Title VII prohibits respondents from retaliating against former employees as well as current employees for participating in any proceeding under Title VII or opposing any practice made unlawful by that Act. The plaintiff in Robinson alleged that his former employer gave him a negative job reference in retaliation for his having filed an EEOC charge against it. Some courts previously had held that former employees could not challenge retaliation that occurred after their employment had ended because Title VII, the ADEA, and the EPA prohibit retaliation against "any employee."\32 However, the Supreme Court stated that coverage of post-employment retaliation is more consistent with the broader context of the statute and with the statutory purpose of maintaining unfettered access to the statute's remedial mechanisms. The Court's holding applies

to each of the statutes enforced by the EEOC because of the similar language and common purpose of the anti-retaliation provisions.

Examples of post-employment retaliation include actions that are designed to interfere with the individual's prospects for employment, such as giving an unjustified negative job reference, refusing to provide a job reference, and informing an individual's prospective employer about the individual's protected activity.\33 However, a negative job reference about an individual who engaged in protected activity does not constitute unlawful retaliation unless the reference was based on a retaliatory motive. The truthfulness of the information in the reference may serve as a defense unless there is proof of pretext, such as evidence that the former employer routinely declines to offer information about its former employees' job performance and violated that policy with regard to an individual who engaged in protected activity. See Section 8-II E. below.

Retaliatory acts designed to interfere with an individual's prospects for employment are unlawful regardless of whether they cause a prospective employer to refrain from hiring the individual\34. As the Third Circuit stated, "an employer who retaliates cannot escape liability merely because the retaliation falls short of its intended result."\35 However, the fact that the reference did not affect the individual's job prospects may affect the relief that is due.

   3.   Adverse Actions Need Not Qualify as "Ultimate Employment
        Actions" or Materially Affect the Terms or Conditions of
        Employment to Constitute Retaliation

Some courts have held that the retaliation provisions apply only to retaliation that takes the form of ultimate employment actions\36. Others have construed the provisions more broadly, but have required that the action materially affect the terms, conditions, or privileges of employment.\37

The Commission disagrees with those decisions and concludes that such constructions are unduly restrictive. The statutory retaliation clauses prohibit any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity. Of course, petty slights and trivial annoyances are not actionable, as they are not likely to deter protected activity. More significant retaliatory treatment, however, can be challenged regardless of the level of harm. As the Ninth Circuit has stated, the degree of harm suffered by the individual "goes to the issue of damages, not liability."\38

------------------------------

> Example 1 - CP filed a charge alleging that he was racially harassed by his supervisor and co-workers. After learning about the charge, CP's manager asked two employees to keep CP under surveillance and report back about his activities. The surveillance constitutes an "adverse action" that is likely to deter protected activity, and is unlawful if it was conducted because of CP's protected activity.