IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.: 07-cv-00170-RPM-CBS

RUSSELL A. PULS, JR.,

       Plaintiff,

v.

LANDMARK COMMUNITY
NEWSPAPERS, INC., a Virginia corporation, and
LANDMARK COMMUNITY
NEWSPAPERS OF COLORADO, INC.,
a Colorado corporation,

       Defendants.

## ANSWER TO AMENDED COMPLAINT AND JURY DEMAND

Defendants, Landmark Community Newspapers, Inc. ("LCNI") and Landmark Community Newspapers of Colorado, Inc., by counsel, hereby state their answers to Plaintiff, Russell A. Puls, Jr.'s Amended Complaint as follows:

1. Upon information and belief, Defendants admit the allegations in paragraph 1 of the Amended Complaint.

2. Defendants admit the allegations in paragraph 2 of the Amended Complaint.

3. Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff had concerns and therefore deny that allegation. Defendants admit that Mr. Puls complained about the conduct of another LCNI employee toward a gay employee in 2005.

{00217900.DOC}

Defendants deny that Mr. Puls complained about any conduct towards female employees in mid-2005.

4. Defendants deny the allegations in paragraph 4 of the Amended Complaint.

5. Defendants admit the allegations in paragraph 5 of the Amended Complaint.

6. Defendants admit that Plaintiff's EEOC complaint was settled on October 17, 2005 pursuant to the Severance Agreement attached to the Amended Complaint and that Plaintiff withdrew his Charge of Discrimination with the EEOC. Defendants deny the remaining allegations in paragraph 6 of the Amended Complaint.

7. Defendants admit that the Severance Agreement provided that "LCNI," as defined in the Severance Agreement, give Plaintiff a neutral reference to prospective employers not affiliated with LCNI or otherwise covered by the Severance Agreement. LCNI admits that its policy and practice is to give ex-employees neutral references, unless it is giving a reference to another Landmark entity. Defendants are without knowledge or information sufficient to form a belief as to Plaintiff's reliance in executing the Severance Agreement and therefore deny that allegation.

8. Defendants deny that the Severance Agreement provided a stipulation that Mr. Puls initiated the separation from "LCNI." Defendants are without knowledge or information sufficient to form a belief as to the truth of the other allegations in paragraph 8 and therefore deny them.

9. Upon information and belief, Defendants admit the allegations in paragraph 9 of the Amended Complaint.

10. Defendants admit that United Parenting withdrew its offer after obtaining a reference from LCNI's Human Resources Department. Defendants deny that LCNI initiated the contact with United Parenting. Defendants deny that United Parenting withdrew its offer of employment solely on the basis of his reference; rather, Defendants understand that United Parenting withdrew its offer of employment based on inaccuracies in Mr. Puls's job application.

11. Defendants are without knowledge or information sufficient to form a belief as to the allegations in paragraph 11 of the Amended Complaint and therefore deny them. Defendants deny that Mr. Puls is entitled to any relief.

12. Defendants deny the allegations in paragraph 12 of the Amended Complaint.

13. Defendants deny the allegations in paragraph 13 of the Amended Complaint.

### First Claim for Relief

### (Breach of Severance Agreement)

14. Defendants incorporate their answers to paragraphs 1 through 13.

15. Defendants deny the allegations in paragraph 15 of the Amended Complaint.

16. Defendants deny the allegation in paragraph 16 of the Amended Complaint. Defendants deny that Plaintiff is entitled to any of the relief requested.

### Second Claim for Relief

### (Intentional Interference with Contract)

17. Defendants incorporate their answers to paragraphs 1 through 16.

18. Defendants deny the allegations in paragraph 18 of the Amended Complaint.

19. Defendants deny the allegations in paragraph 19 of the Amended Complaint.

20. Defendants deny that there was any tortious conduct that would give rise to any damages or loss.

Defendants deny that Plaintiff is entitled to any of the relief requested.

### Third Claim for Relief

### (Violation of Title VII of the Civil Rights Act of 1964, as amended)

21. Defendants incorporate their answers to paragraphs 1 through 20.

22. Defendants admit the allegations in paragraph 22 of the Amended Complaint.

23. Defendants admit the allegations in paragraph 23 of the Amended Complaint.

24. Defendants deny the allegations in paragraph 24 of the Amended Complaint.

25. Defendants deny the allegations in paragraph 25 of the Amended Complaint.

Defendants deny that Plaintiff was entitled to any of the relief requested.

### AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Amended Complaint, Defendants allege the following:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND DEFENSE

Defendants did not breach the Severance Agreement because United Parenting is an affiliate, affiliated corporation, and/or related entity of LCNI and the Severance Agreement contemplated that relevant information would be shared with affiliates, affiliated corporations and/or related entities.

### THIRD DEFENSE

Defendants did not intentionally interfere with any contract between United Parenting and Plaintiff because the contract was for at-will employment and could be terminated by either party at any time.

### FOURTH DEFENSE

Defendants have not engaged in retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. ¶ 2000(e) *et seq.*, or pursuant to any other federal or state law.

### FIFTH DEFENSE

To the extent Plaintiff is seeking punitive damages, he is not entitled to recover punitive damages in connection with his claims because Defendants' actions were in good faith and because he has not followed the procedure established by C.R.S. § 13-21-102.

### SIXTH DEFENSE

Plaintiff is not entitled to recover attorneys' fees in connection with his claims under the allegations set forth in the Complaint.

### SEVENTH DEFENSE

Plaintiff is not entitled to injunctive relief or any form of equitable relief under the allegations set forth in the Complaint.

### EIGHTH DEFENSE

Defendants acted in good faith in dealing with Plaintiff.

### NINTH DEFENSE

Plaintiff first breached the Settlement Agreement by applying for employment with United Parenting, an affiliate, affiliated corporation, and/or related entity of Defendants.

## TENTH DEFENSE

Plaintiff's claims are barred in whole or in part by his unclean hands.

## ELEVENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel and release.

## TWELFTH DEFENSE

On information and belief, Plaintiff has failed to mitigate his damages, if any.

## THIRTEENTH DEFENSE

Plaintiff's damages, if any, are caused by parties other than Defendants.

Defendants reserve the right to allege additional affirmative defenses as Plaintiff's claims are clarified during the course of this litigation.

WHEREFORE, Defendants demand that judgment be entered in their favor and against Plaintiff and that Plaintiff's claims be dismissed against Defendants in their entirety; that Defendants be awarded their attorneys' fees to the extent permitted by law; and for such other relief as this Court deems just and proper.

DATED: June 1, 2007.

Barbara A. Grandjean
JACOBS CHASE FRICK KLEINKOPF & KELLEY, LLC
1050 17th Street, Suite 1500
Denver, Colorado 80265
Phone: (303) 685-4800
Fax: (303) 685-4869
E-mail: bgrandjean@jacobschase.com

                                    William M. Furr (VSB#29554)
                                    **WILLCOX & SAVAGE, P.C.**
                                    One Commercial Place, Suite 1800
                                    Norfolk, Virginia 23510
                                    Telephone:  (757) 628-5651
                                    Fax:  (757) 628-5566
                                    E-mail:  wfurr@wilsav.com

                                    **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2007, a true and correct copy of the foregoing **ANSWER TO AMENDED COMPLAINT AND JURY DEMAND** was served electronically on the following:

Bruce G. Smith, Esq.
Darling, Bergstrom & Milligan, P.C.
1515 Arapahoe Street
Tower I, Suite 530
Denver, Colorado 80202

s/ Teresa A. Mercill