IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.: 07-CV-00170-RPM-CBS

RUSSELL A. PULS, JR.,

    Plaintiff,

vs.

LANDMARK COMMUNITY NEWSPAPERS, INC.,
a Virginia corporation, and LANDMARK COMMUNITY
NEWSPAPERS OF COLORADO, INC., a Colorado corporation

    Defendants.

---

**UNOPPOSED MOTION FOR EXTENSION OF TIME PURSUANT TO FED.R.CIV.P. 56(f), D.C.COLO.LCivR 6.1 AND 56.1, AND TO MODIFY SCHEDULING ORDER**

---

Plaintiff Russell Puls, by his attorneys Darling, Bergstrom & Milligan, PC, and pursuant to Fed.R.Civ.P. 56(f), D.C.COLO.LCivR 6.1 and 56.1, move this Court for an extension to respond to Defendants' Motion for Summary Judgment, of at least sixty days, from the current due date of June 11, 2007, to and including July 9, 2007.

The undersigned certifies that he has conferred with defense counsel William Furr and Barbara Grandjean that Mr. Furr and Ms. Grandjean do not oppose an extension to and including July 9, 2007, to respond to the summary judgment motion.

**Factual Background**

The Plaintiff Russell Puls brought this action because an offer to him of employment with Colorado Parent Magazine at substantial salary and compensation, was withdrawn based

upon a negative reference given by his former employer, Landmark Community Newspapers, Inc. ("LCNI") that directly violated a severance agreement between those parties.

Central to the case is the intent and meaning of the severance agreement. Mr. Puls contends that it was the intent of the agreement to supplant his prior involuntary termination by LCNI with an agreement of voluntary separation, and that the prohibition against giving a negative reference was absolute, at least beyond the LCNI entity itself, and that he relied upon LCNI's consistently enforced policy of giving only neutral references. LCNI contends that it was entitled to give a negative reference about Mr. Puls to another company in which LCNI's parent company, Landmark Communications, owned a fifty percent share. Mr. Puls disagrees that the agreement was intended to reach such an entity. It is believed the intent and meaning, as will be shown by LCNI's own prior counsel's interpretation, is very much an issue of fact.

While the parties also disagreed on numerous other issues, e.g., whether the reference was truthful or made with retaliatory motivation, LCNI asked that initial discovery be limited to the issue of its right to give a non-neutral reference to Colorado Parent under the contention it was privileged to do so as an "affiliate" under the severance agreement. It represented that if an intended early motion for summary judgment limited to such issue failed, it would entertain prompt settlement consideration. Based upon that representation, the Plaintiff agreed to a Scheduling Order which limited the initial discovery to the issue of LCNI's claimed privilege to give a non-neutral reference to Colorado Parent and a discovery cutoff on such issue of May 7, 2007.

Based upon the limitation in the Scheduling Order, Mr. Puls undertook only limited discovery. Among other things, the Plaintiff deposed Susan Blake, a human resources

manager/attorney with Trader Publishing, Colorado Parent's former parent company. Ms. Blake was a go-between between LCNI and Colorado Parent as to the reference. Mr. Puls also served a First Request for Production of Documents to LCNI, attached here as Exhibit 1, which included a request for "[a]ny personnel or other file or document pertaining to the Plaintiff." (Request No. 1) Puls directed that LCNI produce all such documents not only in its possession, but that of ""You" and "Your" and "Defendants" for purposes of this Request shall include, without limitation, Defendants and any subsidiary, parent, or division of the Defendants and any subsidiary, parent or division of any such subsidiary, parent or division, and this request shall include any document in the possession or control of any employee, director, contractor, agent, attorney or other person under the control of any such entity. In your response please identify the entity and persons producing the document requested." After LCNI belatedly produced some but not all such documents, claiming attorney-client privilege as to memoranda written by Ms. Blake, Mr. Puls demanded that it provide a privilege log pursuant to Fed.R.Civ.P. 26(b)(5)(A). LCNI finally provided such a log, by letter, on May 31, 2007. (Exhibit 2)

Shortly thereafter, LCNI filed its motion for summary judgment. The motion's scope as filed goes beyond that set forth in the Scheduling Order and puts in issue numerous other questions, including whether Mr. Puls violated the severance agreement by applying for employment to Colorado Parent, whether LCNI's reference to Colorado Parent was truthful, and whether there was a sufficient connection between Mr. Puls' protected activity under Title VII of the Civil Rights Act and the non-neutral reference by LCNI to prove retaliatory motivation. LCNI's inclusion of issues beyond the agreed scope of discovery was also beyond

3

the agreed scope of its motion as set forth in the Scheduling Order. Further, the motion incorporates an affidavit of Ms. Blake in which she states the substance of communications with LCNI and then internally. The claim of privilege by Trader as to Ms. Blake's conversations is believed to be completely without merit, and is the subject of a separate Motion to Compel Production filed herewith. Simply stated, the log is insufficient under Rule 26(b)(5)(A); Ms. Blake was acting as an HR manager, not an attorney; the communications were not for the purposes of obtaining or providing legal advice; and the privilege, if any, was waived by Ms. Blake's unobjected deposition testimony.

LCNI has of the date of this motion agreed to produce all but one memorandum and to file an amended or modified motion narrowing the scope to that in the Scheduling Order. It is believed this may simplify the issues in the motion, but Puls requires additional time to evaluate the anticipated revised motion and respond to it.

## **Extension Sought**

Because of the initial position of the Defendants on privilege and the scope of the summary judgment motion, it was anticipated a lengthy extension would be required. Now that those issues have been partially resolved, the Plaintiff still requires an extension to address the additional documents produced and the modified motion of LCNI. The Plaintiff therefore requires an extension under Rule 56(f) for two purposes. First, because the documents withheld under a claim of privilege may well address the issues now raised in the summary judgment motion, until the issue of privilege is resolved Mr. Puls in fairness should not be compelled to respond to the motion. Second, the revised motion for summary judgment will

require revision to the response initially planned. An extension under Fed.R.Civ.P. 56(f) and D.C.COLO.LCivR 56.1 is both proper and necessary.

WHEREFORE, Mr. Puls requests this Court grant him an extension to and including at least July 9, 2007, within which to respond to Defendants' motion for summary judgment.

Submitted this 11th day of June, 2007.

DARLING, BERGSTROM & MILLIGAN, PC

By:    /s/ Bruce G. Smith
Bruce G. Smith
Attorney for Plaintiff
1515 Arapahoe Street
Tower 1, Suite 530
Denver, CO 80202
Telephone: (303) 623-9133

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2007, a true and correct copy of the foregoing **MOTION FOR EXTENSION OF TIME PURSUANT TO FED.R.CIV.P. 56(f), D.C.COLO.LCivR 6.1 AND 56.1, AND TO MODIFY SCHEDULING ORDER** was filed and served electronically and by U.S. Mail to the following:

Barbara A. Grandjean, Esq.
Jacobs, Chase, Frick, Kleinkopf & Kelley, LLC
1050 17th Street, Suite 1500
Denver, Colorado 80265

William M. Furr, Esq.
Willcox & Savage, P.C.
1800 Bank of America Center
Norfolk, Virginia 23510

Served via U.S. Mail
Russell Puls
28954 Needles Trail
Evergreen, CO 80439

/s/ Chris Allen