IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.: 07-cv-00170-RPM-CBS

RUSSELL A. PULS, JR.,

    Plaintiff,

v.

LANDMARK COMMUNITY NEWSPAPERS, INC.,
A Virginia corporation, and LANDMARK COMMUNITY
NEWSPAPERS OF COLORADO, INC., a Colorado corporation

---

### FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

---

Plaintiff, Russell A. Puls, Jr., by his attorneys Darling, Bergstrom & Milligan, PC, request that the Defendants, Landmark Community Newspapers, Inc. and Landmark Community Newspapers of Colorado, Inc., submit the following discovery requests to be admitted, answered and furnished as required by the Federal Rules of Civil Procedure.

### REQUEST FOR PRODUCTION

Plaintiff, Russell A. Puls Jr. requests that the Defendants, Landmark Community Newspapers, Inc and Landmark Community Newspapers of Colorado, Inc. respond and produce the following items for inspection and copying at the law offices of DARLING, BERGSTROM & MILLIGAN, PC, 1515 Arapahoe Street, Tower 1, Suite 530, Denver, CO 80202, within thirty (30) days of the date of service of this request, pursuant to the Federal Rules of Civil Procedure. <u>This request for production is continuing to the time of trial</u>.



EXHIBIT 1

**The documents responsive to each numbered request are to be segregated and marked as responding to that request.**

**By submission of these requests, Plaintiff does not waive any challenge to the insufficiency or noncompliance of Defendants in providing documents subject to mandatory disclosure.**

## INSTRUCTIONS/DEFINITIONS

A.   These Requests for Production of Documents are deemed continuing in accordance with the requirements of Rule 26(e) of the Federal Rules of Civil Procedure. If any documents sought by said request are not discovered until after the available documents are produced, the Defendants shall have a continuing duty to supplement production previously submitted pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

B.   When used in these Requests for Production of Documents, the terms "Defendant", "Defendants", or "Employer" is intended and shall embrace and include in addition to each named Defendant, counsel for each Defendant, all agents, servants, employees, representatives, private investigators and others who are in possession of or may have obtained information for or on your behalf.

C.   Please answer each request for production of documents separately and fully. Any objections must be stated and the reasons therefore set forth. If you object to any production of a response or document on the grounds of privilege, please state the nature of each such privilege and explain how such privilege is applicable to each such response of document.

D.   When answering these Requests for Production of Documents you are requested to furnish all documents available to you, including documents in the possession of attorneys, investigators, employees, agents, representatives, guardians, expert witnesses, or any other person or persons acting on your behalf, and not merely such documents as are known and possessed by you.

E.   All documents produced are to be identified in the specific written response to each request and are to be segregated and categorized according to the numbered request.

F.   If you cannot answer any of the following Requests for Production of Documents in full, after exercising due diligence to secure the documents to do so, so state, and answer to the extent possible, specifying your inability to produce the remainder, and stating whatever information or knowledge you have concerning the documents not produced.

G.   "You" and "Your" and "Defendants" for purposes of this Request shall include, without limitation, Defendants and any subsidiary, parent, or division of the Defendants and any subsidiary, parent or division of any such subsidiary, parent or division, and this request shall include any document in the possession or control of any employee, director, contractor, agent, attorney or other person under the control of any such entity.   In your response please identify the entity and person producing the document requested.

H.   "Document" shall include anything in writing in any media, including, without limitation, notes taken by any person, electronic mail, text messages, instant messaging, or other media, regardless of where or how recorded, stored or filed.   This

Request specifically includes the directive that Defendants make a diligent search of all sources under their control for any requested document.

I. The term "address" means the street address, including the city, state and zip code.

J. The term "communications" or "communication" means any transcript of information, ideas, opinions or thoughts by any means, at any time or place, under any circumstance, including, without limitation, transcripts such as records or memoranda, and or oral communications.

K. The term "person" means and includes natural persons, corporations, partnerships, associations and any other kind of business or legal entity.

L. "Identify" when used with regard to a communication means to state the date and the substance of the communications, and to identify the person making the communication and the person to whom the communication was made.

M. "Identify" when used with regard to a person, means to state the person's full name, last known address and telephone number, the relationship to yourself, and if the person is not a natural person (e.g., a corporation or partnership), to state the person's organizational nature and the name of the officer, agent or employee acting on behalf of the non-natural person.

N. "Identify" when used with regard to a document, means to give the type of document (i.e., letter, memoranda, telegram, report, etc.), date, addresses, file number and/or identifying symbol, and name address of its custodian.

O. "Describe" with respect to a communication, an act or conduct means to give, state or identify any document reflecting, embodying or relating to any

communication, act or conduct described in response to or called for by the request by describing the communication, act or conduct.

P.     "Relating to" or "regarding" or "in connection with" or like words shall mean concerning or touching, referring or having reference to, in any manner whatsoever, whether directly or indirectly.

Q.     When magnetically, optically, or electronically recorded information (including, without limitation, voicemail or e-mail) is responsive to any request, please produce not only hard copies of the requested information, but also the actual media used to record or store such information, including, without limitation, backup or archive media.

R.     In the event that any document is not produced by you by reason of claim of privilege please state the following:

    (1)    Date of document;

    (2)    Author of document;

    (3)    Addressee of document;

    (4)    Address of any other person or entity to which a copy of the document was mailed or delivered;

    (5)    Type of document (e.g., record, letter, and statement);

    (6)    Nature of privilege claimed; and,

    (7)    Describe generally the subject matter of the document.

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

1.     Any personnel or other file or document pertaining to the Plaintiff.

2. Any statement of policy or practice as to the release or disclosure of any information relating to any former employee of Defendants.

3. Any document that was disseminated generally to the employees of Defendants about the planned or anticipated split of assets of Trader Publishing which was completed in September 2006, prior to such split.

4. Any statement of policy or practice as to the sharing of information related to current or former employees, or employment applicants, among the Defendants.

5. Any record of advertising sales of Colorado Parent for the years 2003, 2004, 2005 and 2006.

6. Any description of the position of sales manager for Colorado Parent.

7. Any diagram or depiction of the corporate structure of Landmark Communications, Dominion Enterprises, Trader Publishing and United Parenting before and after September 2006 related to what subsidiaries and divisions comprised each entity.

8. Any job description for Kim Hogan.

9. Any job description for Susan Blake.

10. Any document that refers to Trader Publishing, United Parenting or Colorado Parent as an "affiliate" or "affiliated company" of Landmark Community Newspapers, Inc. or Landmark Communications.

11. All governmental or regulatory filings of Landmark Communications related to its ownership of an interest in Trader Publishing.

12. Any calculation, projection or estimate of the sales revenue of Colorado Parent for the years 2006 and 2007.

Dated this 14th day of March, 2007.

                Darling, Bergstrom & Milligan, PC

                */s/ Bruce G. Smith*
                Bruce G. Smith
                Attorney for Plaintiff
                1515 Arapahoe Street, Tower 1
                Suite 530
                Denver, Colorado 80202
                Telephone: 303/632-9133
                Facsimile: 303/623-9129
                bsmith@dbm-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2007, a true and correct copy of the foregoing FIRST REQUEST FOR PRODUCTION OF DOCUMENTS was sent via facsimile and U.S. Mail addressed to the following:

Barbara A. Grandjean
JACOBS CHASE FRICK KLEINKOPF & KELLEY, LLC
1050 17th Street, Suite 1500
Denver, Colorado 80265
Fax: 303/685-4800

William M. Furr
Willcox & Savage, P.C.
One Commercial Place, Suite 1800
Norfolk, Virginia 23510
Fax: 757/628-5566

                */s/ Shelley M. Terrell*
                Shelley M. Terrell, Legal Assistant