IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No.: 07-cv-00170-RPM-CBS

RUSSELL A. PULS, JR.,

      Plaintiff,

v.

LANDMARK COMMUNITY NEWSPAPERS, INC., a Virginia corporation, and
LANDMARK COMMUNITY NEWSPAPERS OF COLORADO, INC., a Colorado corporation,

      Defendants.

### AFFIDAVIT OF SUSAN BLAKE

COMMONWEALTH OF VIRGINIA,

CITY OF NORFOLK, to-wit:

    1.    My name is Susan Blake and I am currently employed as Director of Employee Relations/Attorney for Dominion Enterprises in Norfolk, Virginia. Dominion Enterprises is a Landmark operation. Prior to the reorganization of Trader Publishing Company ("Trader") in September of 2006, I served as Director of HR Field Services & West Coast Employee Relations/Attorney for Trader.

    2.    Trader was a Virginia partnership that was jointly-owned by Landmark and Cox Communications. Trader has a close relationship with Landmark and we communicate frequently with our colleagues at other Landmark entities. We all consider ourselves to work for the same company and we share information about employees and former employees on an as-needed basis. I would not hesitate to call someone in human resources at any other Landmark

entity to request or share information about these matters, nor would I hesitate to respond to inquiries from another Landmark entity.

3. In 2006, Russell Puls applied for a position with The Colorado Parent, a Trader publication. Mr. Puls was a former employee of Landmark Community Newspapers, Inc. ("LCNI"), a Landmark operation.

4. During the application process, Mr. Puls indicated that he had never been discharged from a position in response to the question "Have you ever been dismissed from employment, forced to resign, or resigned to avoid being dismissed?"

5. Mr. Puls claimed that he had resigned from employment with LCNI due to problems with his manager. He stated that he had his attorney prepare a severance agreement, but that "it never came to that" and that he had worked out the required notice prior to resignation. He also made disparaging statements regarding LCNI management. For example, he stated that his boss at LCNI "sat behind a desk with his feet up all day."

6. Following the interview, Trader contacted some of Mr. Puls's references, which were positive. Trader then extended Mr. Puls an offer of at-will employment before receiving input regarding this matter from human resources at LCNI.

7. Kim Hogan, who works with human resources at LCNI, later contacted us regarding Mr. Puls's application for employment. Ms. Hogan informed us that Mr. Puls had in fact been discharged from LCNI and that he was not eligible for re-hire. She did not provide the reason for the discharge or any other details. She did indicate that Landmark had signed a severance agreement with him. The information was sufficient for us to determine that Mr. Puls had not been truthful in his application for employment.

8. In signing applications for employment, applicants agree to the following statement: "I hereby certify that I have not knowingly withheld any information that might adversely affect my chances for employment and that the answers given by me are true and correct to the best of my knowledge. I further certify that I, the undersigned applicant, have personally completed this application. I understand that any omission or misstatement of material fact on this application or on any document used to secure employment shall be grounds for rejection of the application or for immediate discharge if I am employed, regardless of the time elapsed before discovery."

9. Because Mr. Puls had made material misrepresentations regarding his employment history, I advised David Savlasky, the National Publishing Director to revoke the offer of employment. Mr. Savlasky confirmed that he revoked the offer verbally on January 20, 2006.

10. After the offer had been revoked, I received two letters from Mr. Puls's attorney. At no point did Mr. Puls or his attorney resolve the inconsistencies.

_____
Susan Blake

This day personally appeared before me, a Notary Public, in the aforesaid jurisdiction, Susan Blake, who after first being duly sworn, stated and deposed as follows:

Subscribed and sworn before me this  15  day of May, 2007.

_____
Notary Public

My Commission Expires: May 31, 2008

I-758524.1

3