# SEVERANCE AGREEMENT, GENERAL AND SPECIAL RELEASES

This SEVERANCE AGREEMENT, GENERAL AND SPECIAL RELEASES ("Severance Agreement") is made between Russell A. Puls, Jr. ("Puls") and Landmark Community Newspapers, Inc., its predecessors, successors and assigns (referred to herein, collectively and individually, as "LCNI").

A.   REASONS FOR AGREEMENT

   1. Puls is terminating from his employment with LCNI, effective, August 26, 2005.

   2. Under Puls' employment relationship with LCNI, Puls is entitled to certain regular termination benefits.

   3. In order to assist Puls in regard to this employment separation and as consideration for the representations from Puls specified below, LCNI agrees to provide to his the following additional benefits, which are referred to as the "Special Termination Package".

B.   AGREEMENT

For and in consideration of the mutual promises and commitments specified herein, the parties agree as follows:

   1.   SPECIAL TERMINATION PACKAGE

   (a) LCNI agrees to provide to Puls the following benefits, which are referred to as the "Special Termination Package" in addition to his regular termination benefits.

   (b) LCNI will provide to Puls $5,668.92 severance pay less applicable withholding.

   (c) The benefits provided to Puls hereunder are unique to Puls' termination. Nothing herein shall be deemed to establish a severance or other employee benefit plan or program available to other LCNI employees.

   2.   COBRA RIGHTS

   The qualifying event concerning Puls' rights under the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. 116 et seq. ("COBRA") shall be his termination on date.

   3.   References

   LCNI shall provide a neutral reference to Puls and to any persons who inquire of LCNI for a reference on Puls.

EXHIBIT
5
tabbies'

4. General Release

Puls agrees, for himself and his heirs, representatives, successors and assigns, that he had been finally and permanently separated from employment with LCNI as of August 26, 2005, and that he waives, releases and forever discharges LCNI and all related entities, their directors, officers, employees and agents, from any and all claims, known or unknown, that he has or may have relating to or arising out of his employment with LCNI and the termination thereof, including but not limited to any claims of wrongful discharge, breach of express or implied contract, fraud, misrepresentation, defamation, liability in tort, claims of any kind that may be brought in any court or administrative agency, any claims under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act, the American with Disabilities Act, the Employee Retirement Income Security Act, the Fair Labor Standards Act, the Family and Medical Leave Act, or any other federal, state or local law relating to employment, employee benefits or the termination of employment, or any other claim arising out of or relating to Puls' employment, excepting only the provisions of this Severance Agreement, his regular termination benefits and his benefits, if any, under LCNI's Pension Plan and Retirement Plus Plan. Puls specifically waives any claim for benefits under, or relating to, any enhanced early retirement program that LCNI may offer to employees terminating in the future, including without limitation any claim based on LCNI's failure to advise his in advance of such program or allow his to participate in such program.

5. Special Release Notification

The General Release, paragraph B.4 above of this Severance Agreement, includes a waiver and release of all claims under the Age Discrimination In Employment Act ("ADEA") and, therefore, pursuant to the requirements of the ADEA, Puls acknowledges that he has been (a) advised that this waiver and release includes, but is not limited to, all claims under the ADEA arising up to and including the date of execution of this waiver and release, to (b) advised to consult with an attorney and/or other advisor of his choosing concerning his rights and obligations under this Severance Agreement prior to his execution of it, (c) given at least 21 days within which to consider this Severance Agreement, and (d) advised that he has 7 days following the execution of this Severance Agreement to revoke it by sending written notice to Mr. Brad Bradberry, Publisher, Evergreen Newspapers, 27902 Meadow Drive, Suite 200, Evergreen, Colorado 80439, and that this agreement shall not become effective and enforceable until the revocation period has expired.

6. Confidentiality and Cooperation

Puls agrees that he will not divulge or give to anyone any proprietary or confidential information obtained by his during his employment concerning LCNI's business or affairs, employees and services unless required to do so by legal subpoena or appropriate governmental authority. Puls agrees to return to LCNI on or before date all property of any nature of LCNI in his possession.

Puls agrees that he will continue to cooperate with LCNI by projecting a positive attitude toward LCNI and its employees and services.

7. No Admission

It is understood and agreed that, prior to entering into this Severance Agreement, LCNI has admitted no liability for the Special Termination Package provided herein or for any benefits other than those provided by contract or LCNI policy. LCNI has entered into this Severance Agreement solely for the purpose set forth in Paragraph A.3 above and to maintain an amicable and cooperative relationship between LCNI and Puls.

8. Non-Disclosure

Puls agrees that the terms of this Severance Agreement, are confidential, and agrees not to disclose the facts, terms of amount thereof to any person other than his attorney, income tax preparer or similar professional, or to his spouse. To the extent that he discloses this information, Puls agrees to instruct such professional or spouse that this information is to be kept confidential.

9. No waiver of Breach or Remedy

A waiver by LCNI of the breach of any of the provisions of this Severance Agreement by Puls shall not be deemed a waiver by LCNI of any subsequent breach, nor shall recourse to any remedy hereunder be deemed a waiver of any other or further relief or remedy provided for herein.

10. Severability

In the event that any provision of this Severance Agreement is determined to be invalid by a court of competent jurisdiction, all other provisions of this Severance Agreement shall remain in full force and effect.

11. Entire Agreement

(a) The parties understand and agree that all terms of this Severance Agreement are contractual and are not a mere recital, and represent and warrant that they are competent and possess the full and complete authority to covenant and agree as herein provided.

(b) Puls understands, agrees and represents that the covenants made herein and the releases herein executed may affect rights and liabilities of substantial extent and agrees that the covenants and releases provided herein are in his best interest. Puls represents and warrants that, in negotiating and executing this Severance Agreement, he has had an adequate opportunity to consult with competent counsel or other representatives of his choosing concerning the meaning and effect of each term and provision hereof, and that there are no representations, promises or agreements other than those expressly set forth in writing herein.

(c) The parties have carefully read this Severance Agreement in its entirety; fully understand and agree to its terms and provisions; intend and agree that it is final and binding and understand that, in the event of a breach, either party may seek relief, including damages, restitution and injunctive relief, at law or in equity, in a court of competent jurisdiction.

IN WITNESS WHEREOF, and intending to be legally bound, the parties have executed the foregoing Severance Agreement this _____ day of _____, 2005.

                            LCNI

                            By: _____
                                    Kim Mattingly-Hogan

STATE OF _____

CITY/COUNTY OF _____

The foregoing instrument was acknowledged and signed before me by _____ this _____ day of _____ 2005.

                                        _____
                                        Notary Public

My Commission Expires:

---

                                        _____
                                        Russell A. Puls, Jr.

STATE OF _____

CITY/COUNTY OF _____

The foregoing instrument was acknowledged and signed before me by _____ this _____ day of _____, 2005.

                                        _____
                                        Notary Public

My Commission Expires: