# Dinsmore&Shohl LLP
ATTORNEYS

R. Kenyon Meyer
502-540-2325
kenyon.meyer@dinslaw.com



RECEIVED
FEB 27 2006
...ing, Bergstrom & Millig...

February 23, 2006

Bruce Smith, Esq.
Darling, Bergstrom & Milligan, P.C.
1515 Arapahoe Street
Tower 1, Suite 530
Denver, Colorado  80202

    **Re:    Russell Puls**

Dear Mr. Smith:

    As we discussed, I represent Landmark Community Newspapers, Inc. ("LCNI"). Contrary to the allegations in your letter, there has been no breach of the Severance Agreement by LCNI.  The Severance Agreement was made between your client and "Landmark Community Publications, Inc., their past, present and future agents, employees, directors, officers, shareholders, affliates, insurers, reinsurers, affiliated corporations or other entities, successors in interest and newspapers."  This broad definition encompasses Trader Publishing ("Trader"), a subsidiary of Landmark Communications, Inc. ("Landmark"), which also owns LCNI.

    Because of this relationship between Landmark, LCNI, and Trader, any conversation LCNI had with Trader concerning Mr. Puls would not be in violation of the "neutral reference" clause. The neutral provision does not required Landmark entities to rehire employees that another Landmark entity just terminated.

    In fact, it is our understanding that, despite Section 8 of the Severance Agreement, Mr. Puls affirmatively stated, on both his application and in his interview with Trader, that he resigned from LCNI due to a disagreement with management and unhappiness with the direction the company was headed.  This is in violation of Section 8 which states "Puls agrees that he will not disparage or say anything negative about LCNI, its employees or officers."  Mr. Puls' breach entitles LCNI to take legal action against him.

    As agreed in the Severance Agreement, LCNI will continue to abide by the representations it made, specifically that it will provide Mr. Puls with a neutral reference.  We fully expect that Mr. Puls will also abide by the representations made by him.  However, if Mr.



EXHIBIT 17

1400 PNC Plaza, 500 West Jefferson Street  Louisville, KY  40202
502.540.2300   502.585.2207 fax  www.dinslaw.com

Bruce Smith, Esq.
February 23, 2006
Page 2

Puls goes forward with any EEOC Charge, he will void the Agreement and will be required to immediately reimburse LCNI for all payments made pursuant to the Severance Agreement.

    Please contact me to discuss.

Sincerely,

R. Kenyon Meyer

cc:    Ms. Kim Hogan, Human Resources Director

ACP

107647v1

Dinsmore&Shohl LLP