**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No.:  07-cv-00170-RPM-CBS

RUSSELL A. PULS, JR.,

    Plaintiff,

v.

LANDMARK COMMUNITY NEWSPAPERS, INC.,
A Virginia corporation, and LANDMARK COMMUNITY
NEWSPAPERS OF COLORADO, INC., a Colorado corporation

**UNOPPOSED MOTION FOR ENTRY AND CERTIFICATION OF
JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)**

    Plaintiff Russell A. Puls, Jr., by his attorneys Darling, Bergstrom & Milligan, PC, submits this Unopposed Motion for Entry and Certification of Judgment Pursuant to Fed. R. Civ. P. 54(b) and in support thereof states as follows:

    This Court should enter and certify a final judgment in accordance with Fed. R. Civ. P. 54(b) because this Court's December 17, 2007 order granting summary judgment is a final order and there is no just reason to delay appellate review of this final order.

    Counsel for Plaintiff has conferred with Defendants' counsel William Furr and is authorized to state that Defendants do not oppose this motion.

**STATEMENT OF THE CASE AND FACTS**

    This action involved three distinct claims: breach of a severance agreement, interference with contract with the new employer, and retaliation under Title VII.  This Court entered summary judgment against Plaintiff on the first two claims and, pursuant to a stipulation between

1

the parties which was approved by the Court, took an appeal. The Tenth Circuit Court of Appeals dismissed the appeal for lack of finality of judgment because the third claim was dismissed without prejudice. Plaintiff now seeks entry of a judgment and certification pursuant to Fed. R. Civ. P. 54(b) on the basis of the parties' stipulation and the distinct nature of the third claim.

Defendants employed Plaintiff as the advertising director for Evergreen Newspaper Group which was operated by the Defendants ("LCNI"). On August 26, 2005, Defendant terminated Plaintiff's employment. The parties sharply disagreed over the reasons for the termination and Plaintiff commenced proceedings with the EEOC.

Thereafter the parties negotiated a severance agreement resolving claims related to the termination. The agreement expressly stated "Puls separated from his employment with LCNI, effective, August 26, 2005" and it required Defendants and Evergreen Newspapers to "give Puls a neutral reference."

In January of 2006, Plaintiff applied for a position with Trader Publishing Company.[1] Trader extended, and Plaintiff accepted, an offer of employment. Upon learning Plaintiff applied for a position with Trader, one of Defendants' employees contacted Trader and informed it that Defendants discharged Plaintiff for ethical reasons and he was not eligible for rehire.

As a result, Trader rescinded its offer of employment to Plaintiff. Plaintiff subsequently filed suit against Defendants, alleging three causes of action.

For his first claim, Plaintiff alleged Defendants' act of giving a negative reference and negative information about Plaintiff to Trader was a direct breach of the express terms of the

---

[1] Defendants' parent holding company Landmark Communications owned fifty percent of Trader Publishing Company jointly with Cox Communications until September 2006.

settlement agreement and in contravention of Defendants' firm policy of only giving neutral references. Plaintiff sought loss of past and future income and consequential economic losses.

For his second claim, Plaintiff alleged Defendants' act of giving a negative reference to Trader constituted an intentional and tortious interference with punitive intent of Plaintiff's contract with Trader. Plaintiff sought economic, non-economic, and potentially exemplary, damages for Defendants' tortious conduct.

For his third claim, Plaintiff alleged Defendants' act of deliberately denigrating and giving Plaintiff a negative reference was an intentional violation of the retaliation and discrimination prohibitions of Title VII of the Civil Rights Act of 1964, as amended. Plaintiff sought all remedies available under Title VII, including back pay, front pay, compensatory damages, attorney fees and equitable relief.

The parties then agreed to limit discovery to interpretation of the severance agreement.

After this limited discovery, Defendants filed a motion for summary judgment as to Plaintiff's first and second claims for relief on the grounds that it did not breach the severance agreement. On December 17, 2007, this Court entered an order granting summary judgment in favor of Defendants as to Plaintiff's first and second claims.

After discussing the procedural circumstances of the case, Plaintiff and Defendants reached a stipulation to permit Plaintiff to take an appeal of the summary judgment before adjudication of the third claim of retaliation. Pursuant to the stipulation, Plaintiff dismissed his third claim under the stipulation that it could be re-filed only if he prevailed on the appeal. For convenience, a copy of the Agreement is attached hereto as **Exhibit A**.

In the Agreement, Plaintiff stated his intention to appeal this Court's order granting summary judgment. *See* **Exhibit A**, p. 1, ¶ C. The parties agreed that if the court of appeals did

not reverse the order granting summary judgment, Plaintiff would be contractually prevented from re-filing his dismissed third claim for relief.[2] *See* **Exhibit A**, p. 3, ¶ A.

For their part, Defendants agreed they would not raise a statute of limitations defense in opposition to Plaintiff re-filing his third claim for relief if the court of appeals reversed the order granting summary judgment. *See* **Exhibit A**, p. 3, ¶ B.

The parties then prepared and submitted a Stipulation of Dismissal of the Third Claim for Relief (the "Stipulation"). For convenience, a copy of the Stipulation is attached hereto as **Exhibit B**. The Stipulation incorporates the terms of the Agreement into the Stipulation, and states,

> "[t]he parties expressly understand and agree that the dismissal will not prejudice the right of Puls to reinstate the Retaliation Claim, notwithstanding the expiration of any applicable limitations period, should this Court's December 17, 2007 grant of summary judgment in favor of Landmark be reversed on appeal, as defined by a separate written Agreement this date between the parties."

*See* **Exhibit B**, ¶ 5.

On February 19, 2008, and pursuant to the Stipulation and Agreement, this Court entered a Consent Order Granting Dismissal of Third Claim for Relief (the "Consent Order"). For convenience, a copy of the Consent Order is attached hereto as **Exhibit C**. The Consent Order specifically referenced the Stipulation and ordered the dismissal without prejudice of Plaintiff's third claim for relief.

On March 17, 2008, Plaintiff filed a notice of appeal. However, in an order dated June 16, 2006, the appellate court dismissed Plaintiff's appeal, ruling the court did not have jurisdiction. For convenience, a copy of this Order is attached hereto as **Exhibit D**.

---

[2] The Agreement specifically states Plaintiff "will not pursue the Retaliation Claim [count three] against Landmark or any of its affiliates."

4

## **STANDARD UNDER RULE 54(b)**

The purpose of Rule 54(b) is to make available an immediate appeal in order to avoid the injustice of a delay in entering judgment on a distinctly separate claim until the final adjudication of the entire case. *See Oklahoma Turnpike Authority v. Bruner*, 259 F.3d 1236, 1241 (10th Cir. 2001) (citation omitted). Certification under Rule 54(b) is appropriate when a district court makes two express determinations. *Id.* at 1242.

The district court must first determine it is dealing with a "final judgment." *Id.* It must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action. *See Curtiss-Wright Corp. v. General Electric Company*, 446 U.S. 1, 7, 100 S.Ct. 1460, 1464 (1980) (*quoting Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S.Ct. 895, 900 (1956)). A judgment is final if the claims resolved are distinct and separable from the claims left unresolved. *See Bruner, supra*, 259 F.3d at 1243. "*Separability* is an elusive term, and no reliable litmus test exists for determining when a claim is a distinct claim of relief. Courts, however, have concentrated on two factors: (1) the factual overlap (or lack thereof) between the claims disposed of and the remaining claims, and (2) whether the claims disposed of and the remaining claims seek separate relief." *Id.* at 1242 (emphasis in the original).

The district court must then determine that there is no just cause for delay. *Bruner, supra*, 259 F.3d at 1242; *see also Curtiss-Wright, supra*, 446 U.S. at 8, 100 S.Ct. at 1464-65; *Sears, supra*, 351 U.S. at 435, 76 S.Ct. at 899. This determination is characterized as a balancing test, weighing Rule 54(b)'s policy of preventing piecemeal appeals against the hardship or

injustice that might be inflicted on a litigant because of the delay.  *See McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir. 1988) (citation omitted).

In deciding there is no just reason to delay review of the final order, a district court must take into account judicial administrative interests as well as the equities involved.  *See Curtiss-Wright,* 446 U.S. at 8, 100 S.Ct. at 1465.   It is proper to consider the relationship between the adjudicated and unadjudicated claims and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.  *Id.*

## ARGUMENT

**A.     This Court's order granting summary judgment is a final judgment.  It is a decision upon a cognizable claim for relief, and is an ultimate disposition of two individual claims entered in the course of a multiple claims action.**

The order granting summary judgment is a final decision because it is a decision upon a cognizable claim for relief and is the ultimate disposition of two individual claims entered in the course of a multiple claims action.

Clearly, as evidenced by this Court's order granting summary judgment, Plaintiff's first and second claims are capable of being judicially heard and determined.  Consequently, both claims are cognizable claims for relief.  The issues raised by Plaintiff's first and second claims have been completely tried and decided pursuant to the order granting summary judgment, and the Court's findings and conclusions on them will not be altered or subject to further contest in the trial court.  *See E.I. DuPont De Nemours & Company v. Phillips Petroleum Company,* 720 F.Supp. 373, 380 (D. Del. 1989); *see also* 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2656 at 52-53 (1983) (stating a partial summary judgment order deciding all of

the issues to a single claim meets the finality requirement).[3]  Therefore, the Court's order granting summary judgment was the ultimate disposition of Plaintiff's first and second claims.

Finally, although there is a factual overlap between all three claims, the claims disposed of and the remaining claim seek separate relief.  The first and second claim incorporate common law remedies.  In his third claim, Plaintiff sought for all remedies available under Title VII (42 U.S.C.A. 2000e).  Section 2000e-5(g) grants to federal courts plenary power in fashioning decrees and remedies to insure compliance and to redress the adverse consequences of past unlawful conduct.  *Gerstle v. Continental Airlines, Inc.*, 358 F.Supp. 545 (D. Colo. 1973) (citations omitted).  The specific statutory remedies available include injunctive relief, declaratory relief, reinstatement of employment, backpay and front pay, attorney's fees and costs, punitive, and emotional and general damages.  *See* 42 U.S.C.A. 2000e-5(g).

The relief Plaintiff requests in his third claim is not identical to that requested in his first and second claims.  Consequently, this distinguishes Plaintiff's case from the holding in *Bruner*.  In *Bruner*, the court on appeal reversed the trial court's 54(b) certification because "while [Bruner] employs a variety of legal theories in arguing for relief, the relief she seeks … is identical with regard to each tract of land. … Accordingly, the facts giving rise to [Bruner's] four claims are so overlapping that the certification under Rule 54(b) … was error."  *Bruner, supra*, 259 F.3d at 1243.

Furthermore, Plaintiff's third claim legally stands independent of Plaintiff's first and second claims.  While the third claim is impacted by the issue of whether LCNI breached the severance agreement, it does not conclusively dispose of it.  For example, even if LCNI had a

---

[3] *See also Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633 (1945) (stating a judgment is final and appealable when the court enters a decision which ends the litigation leaving nothing to be done except execution of the judgment); *Liberty Mutual Insurance Co. v. Wetzel*, 424 U.S. 737, 96 S.Ct. 1202 (stating that a final judgment must fully inform the losing party of the extent of the remedy afforded against it).

privilege under the agreement to give Plaintiff a negative reference, if it did so without a legitimate business purpose and with retaliatory intent, the reference would be actionable under Title VII. *See Knox v. State of Indiana*, 93 F.3d 1327, 1334 (7th Cir. 1996) ("[t]here is nothing in the law of retaliation that restricts the type of retaliatory act that might be visited upon an employee who seeks to invoke her rights by filing a complaint"); *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 64, 126 S.Ct. 2405, 2412-13 (2006) (stating the anti-retaliation provision is not limited to discriminatory actions that affect the terms and conditions of employment) (citation omitted).

As cited by LCNI itself, the EEOC's interpretation hinges on the motive of the employer's action. The EEOC Compliance Manual states a negative job reference about an individual who engaged in a protected activity constitutes unlawful retaliation if the reference is based on a retaliatory motive. *See* EEOC, EEOC Directives Transmittal, No. 915.003, p. 14 (for convenience, a copy of the pertinent sections are attached hereto as **Exhibit E**). The Manual also states "the anti-retaliation provisions are exceptionally broad, … set no qualifiers on the term 'to discriminate,' and therefore prohibit any discrimination that is reasonably likely to deter protected activity." *Id*. at 15.

Plaintiff need not prove LCNI breached the severance agreement in order to prove retaliation. Thus, this Court's order granting summary judgment is final for purposes of Rule 54(b) because the claims resolved are distinct and separable from the claim left unresolved and it is proper for this Court to grant certification.

### B. There is no just cause for delay.

There is no just reason to delay review of the order granting summary judgment because the hardship and injustice to be inflicted on Plaintiff because of the delay outweighs Rule 54(b)'s

8

policy of preventing piecemeal appeals. To facilitate this analysis, it is helpful to evaluate the possible outcomes, and the consequential effect upon the judicial administrative interests of this Court and the appellate court, if this Court grants certification.

If this Court grants certification, the appellate court will have before it Plaintiff's first and second claims. If on appeal the court reverses the order granting summary judgment, then Plaintiff will proceed in this Court with all three claims, presumably to trial. If the court affirms the order granting summary judgment, Plaintiff's case will effectively be over because the Agreement will prevent him from re-filing his third claim. Neither the trial court nor the appellate court will be required to spend any additional time on this case. Additionally, under these two circumstances, the appellate court will not be required to decide the same issues more than once even if there were subsequent appeals.

If, however, this Court denies Plaintiff's request for certification, Plaintiff will be stuck in an unintended and unfortunate Catch 22 scenario, which likely will result in additional litigation at both the trial and appellate level. Without a Rule 54(b) certification, Plaintiff would be unable to appeal the order granting summary judgment and would as the agreement is written be barred from refiling his third claim because it prevents him from re-filing unless and until the court of appeals reverses the order granting summary judgment. See **Exhibit A**, p.3, ¶ A. The only logical way out of this dilemma is a refiling and litigation of the third claim. As agreed upon by the parties, and it is believed supported by the Court at hearing on summary judgment, this course begets potentially unnecessary litigation. It requires the Plaintiff to first litigate the third claim on the premise and jury instruction that LCNI was privileged to give a negative reference, a premise which would conclude all litigation if affirmed. On the other hand, if that premise is

9

held to be incorrect on appeal, the third claim should properly be litigated without the jury being so instructed.

This Court should thus grant Plaintiff's request for a Rule 54(b) certification because doing so best economizes resources and time of the Court and parties and avoids the hardship and injustice that will be inflicted on Plaintiff. Thus, the reasons favoring certification outweigh Rule 54(b)'s policy of preventing piecemeal appeals.

WHEREFORE, Plaintiff respectfully requests this Court enter a final judgment and certification pursuant to Fed. R. Civ. P. Rule 54(b) specifically finding there is no just reason for delay in entering the judgment and that the order granting summary judgment is a final appealable order, and for such other relief as this Court deems appropriate.

Dated this 8th day of July, 2008.

DARLING, BERGSTROM & MILLIGAN, PC

*Duly signed original on file at the offices of Darling, Bergstrom & Milligan, PC*

/s/ Bruce G. Smith
_____
Bruce G. Smith, Reg. No. 3646
Attorney for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of July, 2008, a true and correct copy of the foregoing **Unopposed Motion for Entry and Certification of Judgment Pursuant to Fed. R. Civ. P. 54(b)** was filed electronically and served to the following:

Barbara A. Grandjean, Esq.
Jacobs, Chase, Frick, Kleinkopf & Kelley, LLC
1050 17th Street, Suite 1500
Denver, Colorado 80265

William M. Furr, Esq.
Willcox & Savage, P.C.
1800 Bank of America Center
Norfolk, Virginia 23510

                                        /s/ Audra Albright
                                        Audra Albright, Paralegal