**JACOBS
CHASE
FRICK
KLEINKOPF
&KELLEY** LLC

ATTORNEYS

Barbara A. Grandjean
303-892-4458
bgrandjean@jacobschase.com

February 19, 2008



RECEIVED
FEB 2 1 2008
Darling, Bergstrom & Milligan, PC

<u>Via U.S. Mail</u>

Bruce G. Smith, Esq.
Darling, Bergstrom O& Milligan, P.C.
1515 Arapahoe Street, Tower 1, Suite 530
Denver, CO 80202

Re: *Puls v. Landmark Community Newspapers, Inc., et al.*,
1:07-cv-00170-RPM-CBS (D. Colo.)

Dear Bruce:

I have enclosed a copy of the fully signed Agreement dismissing the third claim for relief. The Stipulation of Dismissal was filed with the court this morning.

Please let me know if you have any questions.

Sincerely,

Barbara A. Grandjean

/tam
Enclosure

cc: Billy Furr, Esq.

1050 17th Street
Suite 1500
Denver, CO 80265
303-685-4800
303-685-4869 fax    {00232951.DOC}
www.jacobschase.com

**EXHIBIT A**

## AGREEMENT

This AGREEMENT is made between Plaintiff Russell A. Puls, Jr. ("Puls" or the "Plaintiff") and Defendants Landmark Community Newspapers, Inc. and Landmark Community Newspapers of Colorado, Inc. (collectively, "Landmark" or the "Defendants"). The Plaintiff and Defendants are referred to collectively herein as the "Parties."

## RECITALS

A.  On or around June 27, 2007, Landmark filed a Motion for Summary Judgment (the "Motion") as to the first and second claims for relief in a Complaint styled <u>Russell A. Puls, Jr. v. Landmark Community Newspapers, Inc. and Landmark Community Newspapers of Colorado, Inc.</u> and designated as civil action 2:07cv00170 (the "Complaint"), pending in the United States District Court for the District of Colorado (the "District Court").

B.  After a hearing on the Motion, the District Court entered an Order on December 17, 2007 granting summary judgment in favor of Landmark on the first and second claims for relief in the Complaint.

C.  Puls intends to appeal the District Court's December 17, 2007 decision.

D.  Pursuant to a prior agreement of the Parties, Landmark's Motion did not address Puls' third claim for relief in the Complaint, which alleges retaliation under Title VII of the Civil Rights Act of 1964 (the "Retaliation Claim").

## AGREEMENT

In the spirit of compromise, to mitigate the cost of litigation, and in consideration of the mutual promises and commitments specified herein, the Parties agree as follows:

A.  **Plaintiff's Commitments**. Contemporaneously with the execution of this Agreement, Puls will dismiss the Retaliation Claim. Puls expressly understands and agrees that if the District Court's December 17, 2007 grant of summary judgment in favor of Landmark is

1-501682.1

Feb 18 08 12:20p     DB&M, PC                                                        p.8
FEB-15-2008  06:25 PM      Southwest              383      3676           P.02

not reversed on appeal, he will not pursue the Retaliation Claim against Landmark or any of its affiliates.

B. **Defendants' Commitments**. The dismissal of the Retaliation Claim is without prejudice to Puls. Landmark expressly understands and agrees that the applicable limitations period for the Retaliation Claim will be tolled during the pendency of Puls' appeal. If the Court's December 17, 2007 grant of summary judgment in favor of Landmark is reversed on appeal, Landmark will not raise a statute of limitations defense to the reinstatement of the Retaliation Claim based on the time that the period is tolled.

C. **Definition of Reversal**. Reversal shall include any final order on appeal by which the first or second claims are reinstated in whole or in part.

D. **Mutual Commitments**. The Parties each acknowledge and agree that they have had the opportunity to consult with counsel, and that this Agreement is freely given. The Parties acknowledge that this Agreement is contractual and binding. This Agreement constitutes the entire understanding of the Parties and is intended as a final expression of their Agreement.

E. **Miscellaneous Provisions**.

1. <u>Governing Law</u>. The Agreement shall be governed by the laws of the State of Colorado.

2. <u>Severability</u>. If any provision of this Agreement shall be held by any court of competent jurisdiction to be unlawful, void or unenforceable for any reason as to person or circumstances, such provision or provision shall be deemed severable from and shall in no way affect the enforceability and validity of the remaining provisions of this Agreement.

2

1-801682.1

Feb 18 08 12:20p   DB&M, PC                                                              p.9
FEB-15-2008 06:25 PM    Southwest                        383          3676              P.03

RUSSELL A. PULS, JR.

_____(Seal)          Date: 2-15-08

LANDMARK COMMUNITY NEWSPAPERS, INC.

By:_____(Seal)       Date:_____
Title:_____

LANDMARK COMMUNITY NEWSPAPERS OF COLORADO, INC.

By:_____(Seal)       Date:_____
Title:_____

3

I-801682.1

FEB. 18. 2008 5:33PM  DMARK COMM NEWS                     NO. 523   P. 9
  FEB-18-2008 MON 02:08 PM JACOBS CHASE      FAX NO. 303 885 4869       P. 08
  Feb 18 08 12:20p    DB&M, PC                                      p.9
  FEB-18-2008 08:25 PM  DC, Southwest          385 679 5676         P. 05

RUSSELL A. PULS, IN. _____(Seal)    Date: 2-15-08

LANDMARK COMMUNITY NEWSPAPERS, INC.
By: M. S. Aburt _____(Seal)    Date: 2-18-08
Title: PRESIDENT

LANDMARK COMMUNITY NEWSPAPERS OF COLORADO, INC.
By: M. S. Aburt _____(Seal)    Date: 2-18-08
Title: PRESIDENT

{-801692.1}

3