FILED
United States Court of Appeals
Tenth Circuit

June 16, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

| | |
|---|---|
| RUSSELL A. PULS, JR.,<br><br>　　Plaintiff - Appellant,<br><br>v.<br><br>LANDMARK COMMUNITY NEWSPAPERS, INC., a Virginia corporation; LANDMARK COMMUNITY NEWSPAPERS OF COLORADO, INC., a Colorado corporation,<br><br>　　Defendants - Appellees. | No. 08-1083<br>(D.C. No. 7-CV-00170-RPM-CBS) |

---

ORDER

---

Before **O'BRIEN**, **TYMKOVICH** and **GORSUCH**, Circuit Judges.

---

This court lacks jurisdiction over this appeal because all of the claims against all of the parties have not been finally adjudicated. *See* Fed. R. Civ. P. 54(b).

After the district court dismissed two of the three claims raised in the complaint with prejudice, the parties filed a Stipulation of Dismissal in which they agreed to dismiss the remaining claim without prejudice.

The Stipulation provides that

EXHIBIT

D

> The parties expressly understand and agree that the dismissal will not prejudice the right of [the plaintiff] to reinstate the Retaliation Claim, not withstanding the expiration of any applicable limitations period, should this Court's December 17, 2007 grant of summary judgment in favor of [the defendants] be reversed on appeal, as defined by a separate written Agreement this date between the parties.

Stipulation at p. 2.

Pursuant to the Stipulation, the district court dismissed the remaining claim without prejudice. The plaintiff then filed this appeal.

As a general rule "a party cannot obtain appellate jurisdiction where the district court has dismissed at least one claim without prejudice because the case has not been disposed of in the lower court." *Jackson v. Volvo Trucks North America*, 462 F.3d 1234, 1238 (10th Cir. 2006) (citing to *Heimann v. Snead*, 133 F.3d 767, 769 (10th Cir. 1998) and *Cook v. Rocky Mountain Bank Note Co.*, 974 F.2d 147, 148 (10th Cir. 1992)). "'Although a dismissal without prejudice is usually not a final decision, where the dismissal finally disposes of a case so that it is not subject to further proceedings in federal court, the dismissal is final and appealable.'" *Id.* (quoting *Amazon, Inc. v. Dirt Camp*, 273 F.3d 1271, 1275 (10th Cir. 2001)).

The critical inquiry is whether the plaintiff has been "'effectively excluded from federal court under the present circumstances.'" *Id.* (quoting *Amazon, Inc.* at

1275). The plaintiff argues that the fact that the plaintiff must prevail on appeal in order to proceed on his remaining claim effectively bars him from federal court. This contention is without merit.

Rather than excluding the plaintiff from federal court, the stipulation allows him to appeal the dismissal of two of his claims, while reserving the right to pursue the third if he prevails on appeal. This is precisely the situation this court addressed in *Cook*.

> In summary, when a plaintiff voluntarily requests dismissal of [the] remaining claims without prejudice in order to appeal from an order that dismisses another claim with prejudice, we conclude that th order is not 'final' for purposes of § 1291.

974 F.2d at 148.

Accordingly, this appeal is **DISMISSED** without prejudice to the plaintiff filing a timely appeal after entry of a final judgment or a proper Rule 54(b) certification.

> Entered for the Court
> ELISABETH A. SHUMAKER, Clerk
>
> *Ellen Rich Reiter*
>
> Ellen Rich Reiter
> Deputy Clerk/Jurisdictional Attorney