*The U.S. Equal Employment Opportunity Commission*

---

```
EEOC DIRECTIVES TRANSMITTAL
Number 915.003
Date 5/20/98


SUBJECT:            EEOC COMPLIANCE MANUAL

PURPOSE:            This transmittal covers the issuance of Section 8 of the
                    new Compliance Manual on "Retaliation".  The section
                    provides guidance and instructions for investigating and
                    analyzing claims of retaliation under the statutes
                    enforced by the EEOC.

EFFECTIVE
DATE:               Upon receipt

DISTRIBUTION:       EEOC Compliance Manual holders

OBSOLETE
DATA:               Section 614 of Compliance Manual, Volume 2

FILING
INSTRUCTIONS:       This is the first section issued as part of the new
                    Compliance Manual.  Section 614 of the existing Compliance
                    Manual should be discarded.




                                                         /s/
                                            ------------------------------
                                            Paul M. Igasaki
                                            Chairman
```



```
                    SECTION 8:  RETALIATION
                       TABLE OF CONTENTS
```

(Note: Page numbering applies only to printed version as distributed by
EEOC, or to PDF version as available on the EEOC web site,
http://www.eeoc.gov/.)

CHARGE-PROCESSING OUTLINE.............................................iii

8-I.    INTRODUCTION..................................................8-1
        A.      OVERVIEW .............................................8-1

ADA prohibit retaliation against someone so closely related to or associated with the person exercising his or her statutory rights that it would discourage or prevent the person from pursuing those rights. For example, it would be unlawful for a respondent to retaliate against an employee because his or her spouse, who is also an employee, filed an EEOC charge\27. Both spouses, in such circumstances, could bring retaliation claims.

   4.  The Practices Challenged in Prior or Pending Statutory Proceedings Need Not Have Been Engaged in by the Named Respondent

An individual is protected against retaliation for participation in employment discrimination proceedings even if those proceedings involved a different entity\28. For example, a violation would be found if a respondent refused to hire the charging party because it was aware that she filed an EEOC charge against her former employer.

D.  ADVERSE ACTION

   1.  General Types of Adverse Actions

The most obvious types of retaliation are denial of promotion, refusal to hire, denial of job benefits, demotion, suspension, and discharge. Other types of adverse actions include threats, reprimands, negative evaluations, harassment, or other adverse treatment.

Suspending or limiting access to an internal grievance procedure also constitutes an "adverse action." For example, in EEOC v. Board of Governors of State Colleges & Universities\29, a university's collective bargaining agreement provided for a specific internal grievance procedure leading to arbitration. The agreement further provided that this procedure could be terminated if the employee sought resolution in any other forum, such as the EEOC. The Seventh Circuit ruled that termination of the grievance process constituted an adverse employment action in violation of the anti-retaliation clause of the ADEA\30.

   2.  Adverse Actions Can Occur After the Employment Relationship Between the Charging Party and Respondent Has Ended

In Robinson v. Shell Oil Company,\31 the Supreme Court unanimously held that Title VII prohibits respondents from retaliating against former employees as well as current employees for participating in any proceeding under Title VII or opposing any practice made unlawful by that Act. The plaintiff in Robinson alleged that his former employer gave him a negative job reference in retaliation for his having filed an EEOC charge against it. Some courts previously had held that former employees could not challenge retaliation that occurred after their employment had ended because Title VII, the ADEA, and the EPA prohibit retaliation against "any employee."\32 However, the Supreme Court stated that coverage of post-employment retaliation is more consistent with the broader context of the statute and with the statutory purpose of maintaining unfettered access to the statute's remedial mechanisms. The Court's holding applies

to each of the statutes enforced by the EEOC because of the similar language and common purpose of the anti-retaliation provisions.

Examples of post-employment retaliation include actions that are designed to interfere with the individual's prospects for employment, such as giving an unjustified negative job reference, refusing to provide a job reference, and informing an individual's prospective employer about the individual's protected activity.\33 However, a negative job reference about an individual who engaged in protected activity does not constitute unlawful retaliation unless the reference was based on a retaliatory motive. The truthfulness of the information in the reference may serve as a defense unless there is proof of pretext, such as evidence that the former employer routinely declines to offer information about its former employees' job performance and violated that policy with regard to an individual who engaged in protected activity. See Section 8-II E. below.

Retaliatory acts designed to interfere with an individual's prospects for employment are unlawful regardless of whether they cause a prospective employer to refrain from hiring the individual\34. As the Third Circuit stated, "an employer who retaliates cannot escape liability merely because the retaliation falls short of its intended result."\35 However, the fact that the reference did not affect the individual's job prospects may affect the relief that is due.

    3.    Adverse Actions Need Not Qualify as "Ultimate Employment Actions" or Materially Affect the Terms or Conditions of Employment to Constitute Retaliation

Some courts have held that the retaliation provisions apply only to retaliation that takes the form of ultimate employment actions\36. Others have construed the provisions more broadly, but have required that the action materially affect the terms, conditions, or privileges of employment.\37

The Commission disagrees with those decisions and concludes that such constructions are unduly restrictive. The statutory retaliation clauses prohibit any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity. Of course, petty slights and trivial annoyances are not actionable, as they are not likely to deter protected activity. More significant retaliatory treatment, however, can be challenged regardless of the level of harm. As the Ninth Circuit has stated, the degree of harm suffered by the individual "goes to the issue of damages, not liability."\38

------------------------------

> Example 1 - CP filed a charge alleging that he was racially harassed by his supervisor and co-workers. After learning about the charge, CP's manager asked two employees to keep CP under surveillance and report back about his activities. The surveillance constitutes an "adverse action" that is likely to deter protected activity, and is unlawful if it was conducted because of CP's protected activity.

> Example 2 - CP filed a charge alleging that she was denied a
> promotion because of her gender.  One week later, her
> supervisor invited a few employees out to lunch.  CP believed
> that the reason he excluded her was because of her EEOC
> charge.  Even if the supervisor chose not to invite CP
> because of her charge, this would not constitute unlawful
> retaliation because it is not reasonably likely to deter
> protected activity.
>
> Example 3 - Same as Example 2, except that CP's supervisor
> invites all employees in CP's unit to regular weekly lunches.
> The supervisor excluded CP from these lunches after she
> filed the sex discrimination charge.  If CP was excluded
> because of her charge, this would constitute unlawful
> retaliation since it could reasonably deter CP or others from
> engaging in protected activity.

------------------------------

The Commission's position is based on statutory language and policy considerations.  The anti-retaliation provisions are exceptionally broad.  They make it unlawful "to discriminate" against an individual because of his or her protected activity.  This is in contrast to the general anti-discrimination provisions which make it unlawful to discriminate with respect to an individual's "terms, conditions, or privileges of employment."  The retaliation provisions set no qualifiers on the term "to discriminate," and therefore prohibit any discrimination that is reasonably likely to deter protected activity\39.  They do not restrict the actions that can be challenged to those that affect the terms and conditions of employment\40. Thus, a violation will be found if an employer retaliates against a worker for engaging in protected activity through threats\41,  harassment in or out of the workplace, or any other adverse treatment that is reasonably likely to deter protected activity by that individual or other employees.\42

This broad view of coverage accords with the primary purpose of the anti-retaliation provisions, which is to "[m]aintain[] unfettered access to statutory remedial mechanisms."\43 Regardless of the degree or quality of harm to the particular complainant, retaliation harms the public interest by deterring others from filing a charge\44.  An interpretation of Title VII that permits some forms of retaliation to go unpunished would undermine the effectiveness of the EEO statutes and conflict with the language and purpose of the anti-retaliation provisions.

E.    PROOF OF CAUSAL CONNECTION

In order to establish unlawful retaliation, there must be proof that the respondent took an adverse action because the charging party engaged in protected activity.  Proof of this retaliatory motive can be through direct or circumstantial evidence.  The evidentiary framework that applies to other types of discrimination claims also applies to retaliation claims.

   1.    Direct Evidence

discrimination action against prior employer warranted inference that defendant's refusal to hire was retaliatory), cert. denied, 502 U.S. 1013 (1991).

29 957 F.2d 424 (7th Cir.), cert. denied, 506 U.S. 906 (1992).

30 See also Johnson v. Palma, 931 F.2d 203 (2d Cir. 1991) (union's refusal to proceed with plaintiff's grievance after he filed race discrimination complaint with state agency constituted unlawful retaliation).

31 ___ U.S. ___, 117 S. Ct. 843 (1997).

32 The ADA, unlike the other anti-discrimination statutes, prohibits retaliation against "any individual" who has opposed discrimination based on disability or participated in the charge process.  42 U.S.C. § 12203.

33 See, e.g., EEOC v. L. B. Foster, 123 F.3d 746 (3d Cir. 1997), cert. denied, 66 U.S. L.W.  3388 (U.S. March 2, 1998); Ruedlinger v. Jarrett, 106 F.3d 212 (7th Cir. 1997).

34  Hashimoto v. Dalton, 118 F.3d 671, 676 (9th Cir. 1997).

35 EEOC v. L. B. Foster, 123 F.3d at 754.

36 See Ledergerber v. Stangler, 122 F.3d 1142 (8th Cir. 1997) (reassignment of plaintiff's staff, with attendant loss of status, did not rise to level of ultimate employment decision to constitute actionable retaliation); Mattern v. Eastman Kodak Co.,104 F.3d 702 (5th Cir.) (anti-retaliation provisions only bar "ultimate employment actions" that are retaliatory; harassment, reprimands, and poor evaluation could not be challenged), cert. denied, 118 S. Ct. 336 (1997).

37 See, e.g., Munday v. Waste Management of North America, 126 F.3d 239 (4th Cir. 1997)  (employer's instruction to workers to shun plaintiff who had engaged in protected activity, to spy on her, and to report back to management whatever she said to them did not adversely affect plaintiff's terms, condition, or benefits of employment and therefore could not be challenged), cert. denied, 118 S. Ct. 1053 (1998).

38 Hashimoto, 118 F.3d at 676.  See also EEOC v. L. B. Foster, 123 F.3d at 754 n.4 (plaintiff need not prove that retaliatory denial of job reference caused prospective employer to reject her; such a showing is relevant only to damages, not liability); Smith v. Secretary of Navy, 659 F.2d 1113, 1120 (D.C. Cir. 1981) ("the questions of statutory violation and appropriate statutory remedy are conceptually distinct.  An illegal act of discrimination -- whether based on race or some other factor such as a motive of reprisal -- is a wrong in itself under Title VII, regardless of whether that wrong would warrant an award of [damages]").

39 See, e.g., Knox v. State of Indiana, 93 F.3d 1327, 1334 (7th Cir. 1996) ("[t]here is nothing in the law of retaliation that restricts the type of retaliatory act that might be visited upon an employee who seeks to invoke her rights by filing a complaint"); Passer v. American Chemical Society, 935 F.2d 322, 331 (D.C. Cir. 1991) (Section 704(a) broadly prohibits an employer from discriminating against its employees in any way for engaging

in protected activity and does not "limit its reach only to acts of retaliation that take the form of cognizable employment actions such as discharge, transfer or demotion").

40 Even if there were a requirement that the challenged action affect the terms or conditions of employment, retaliatory acts that create a hostile work environment would meet that standard since, as the Supreme Court has made clear, the terms and condition of employment include the intangible work environment. Meritor Savings Bank v. Vinson, 477 U.S. 57, 64-67 (1986). For examples of cases recognizing that retaliatory harassment is unlawful, see DeAngelis v. El Paso Municipal Police Officers Ass'n., 51 F.3d 591 (5th Cir.), cert. denied, 116 S. Ct. 473 (1995); Davis v. Tri-State Mack Distributor, 981 F.2d 340 (8th Cir. 1992).

41 See McKnight v. General Motors Corp., 908 F.2d 104, 111 (7th Cir. 1990) ("[r]etaliation or a threat of retaliation is a common method of deterrence"), cert. denied, 499 U.S. 919 (1991); Garcia v. Lawn, 805 F.2d 1400, 1401-02 (9th Cir. 1986) (threatened transfer to undesirable location); Atkinson v. Oliver T. Carr Co., 40 FEP Cases (BNA) 1041, 1043-44 (D.D.C. 1986) (threat to press criminal complaint).

42 For examples of cases finding unlawful retaliation based on adverse actions that did not affect the terms or conditions of employment, see Hashimoto, 118 F.3d at 675-76 (retaliatory job reference violated Title VII even though it did not cause failure to hire); Berry v. Stevinson Chevrolet, 74 F.3d 980, 986 (10th Cir. 1996) (instigating criminal theft and forgery charges against former employee who filed EEOC charge found retaliatory); Passer, 935 F.2d at 331 (canceling symposium in honor of retired employee who filed ADEA charge found retaliatory).

43 Robinson v. Shell Oil Co., 117 S. Ct. 843, 848 (1997).

44 Garcia, 805 F.2d at 1405.

45 The basis for finding "cause" whenever there is credible direct evidence of a retaliatory motive is Section 107 of the 1991 Civil Rights Act, 42 U.S.C. §§ 2000e-2(m) and 2000e-5(g)(2)(B). Section 107 provides that an unlawful employment practice is established whenever race, color, religion, sex, or national origin was a motivating factor, even though other factors also motivated the practice. It further provides that a complainant who makes such a showing can obtain declaratory relief, injunctive relief, and attorneys fees but no damages or reinstatement if the respondent proves that it would have taken the same action even absent the discrimination. Section 107 partially overrules Price Waterhouse v. Hopkins, 490 U.S. 228 (1989), which held that a respondent can avoid liability for intentional discrimination in mixed-motives cases if it can prove that it would have made the same decision in the absence of the discrimination.

Some courts have ruled that Section 107 does not apply to retaliation claims. See, e.g., Woodson v. Scott Paper, 109 F.3d 913 (3d Cir.), cert. denied, 118 S. Ct. 299 (1997). Those courts apply Price Waterhouse v. Hopkins, and therefore absolve the employer of liability for proven retaliation if the establishes that it would have made the same decision