# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

_____

# DOCKETING STATEMENT

_____

Case Name: RUSSELL A. PULS, JR. v. LANDMARK COMMUNITY NEWSPAPERS, INC., a Virginia corporation, and LANDMARK COMMUNITY NEWSPAPERS OF COLORADO, INC., a Colorado corporation

Appeal No. (if available): not available

Court/Agency Appeal From: United States District Court for the District of Colorado

Court/Agency Docket No.: 07-CV-00170-RPM-CBS

District Judge: Hon. Richard P. Matsch

Party or Parties filing Notice of Appeal/Petition: RUSSELL A. PULS, JR.

---

**I.    TIMELINESS OF APPEAL OR PETITION FOR REVIEW**

    **A.    APPEAL FROM DISTRICT COURT**

        1.   Date notice of appeal filed: July 18, 2008

            a.   Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing notice of appeal:
                No.

            b.   Is the United States or an officer or an agency of the United States a party to this appeal?
                No.

        2.   Authority fixing time limit for filing notice of appeal:

Fed. R. App. 4 (a)(1)(A)  XX            Fed. R. App. 4 (a)(6)  _____
Fed. R. App. 4 (a)(1)(B) _____          Fed. R. App. 4 (b)(1)  _____
Fed. R. App. 4 (a)(2)    _____          Fed. R. App. 4 (b)(3)  _____

Fed. R. App. 4 (a)(3) _____          Fed. R. App. 4 (b)(4) _____
Fed. R. App. 4 (a)(4) _____          Fed. R. App. 4 (c) _____
Fed. R. App. 4 (a)(5) _____
Other: _____

3. Date final judgment or order to be reviewed was filed and **entered** on the district court docket:
   Final Judgment entered July 9, 2008, pursuant to Fed.R.Civ.P. 54(b) Certification.

4. Does the judgment or order to be reviewed dispose of **all** claims by and against **all** parties? *See* Fed. R. Civ. P. 54(b).
   No.

**(If the order being appealed is not final, please answer the following questions in this section.)**

   a. If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?
      Yes, July 9, 2008.

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)?
      N/A

   c. If none of the above applies, what is the **specific** statutory basis for determining that the judgment or order is appealable?
      N/A

5. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion under Fed. R. Civ. P. 50(b), 52(b), 59, 60, including any motion for reconsideration, and in a criminal appeal any motion for judgment of acquittal, for arrest of judgment or for new trial, filed in the district court:
      N/A

   b. Has an order been entered by the district court disposing of that motion, and, if so, when?
      N/A

6. Bankruptcy Appeals. (To be completed only in appeals from a

   judgment, order or decree of a district court in a bankruptcy case or from an order of the Bankruptcy Appellate Panel.)
    N/A

   Are there assets of the debtor subject to administration by a district or bankruptcy court?
    N/A

   Please state the approximate amount of such assets, if known.
    N/A

 **B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the Court of Appeals.)

  1. Date petition for review was filed: N/A

  2. Date of the order to be reviewed: N/A

  3. Specify the statute or other authority granting the court of appeals jurisdiction to review the order: N/A

  4. Specify the time limit for filing the petition (cite specific statutory section or other authority): N/A

 **C.** **APPEAL OF TAX COURT DECISION**

  1. Date notice of appeal was filed: (If notice was filed by mail, attach proof of postmark.) N/A

  2. Time limit for filing notice of appeal: N/A

  3. Date of entry of decision appealed: N/A

  4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? (*See* Fed. R. App. P. 13(a)) N/A

**II.** **LIST ALL RELATED OR PRIOR RELATED APPEALS IN THIS COURT WITH APPROPRIATE CITATION(S)**.
  Puls v. Landmark Community Newspapers, Inc., et al., Court of Appeals Case No. 08-1083,

III. **GIVE A BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW**.

Mr. Puls and his former employer Landmark Community Newspapers, Inc. ("LCNI") entered into a severance agreement ending Mr. Puls' employment with LCNI. Mr. Puls subsequently filed a three count complaint against LCNI, alleging a breach of the severance agreement, intentional interference with Mr. Puls' employment contract with his new employer and retaliation under Title VII.

The trial court granted LCNI's motion for summary judgment and dismissed Mr. Puls' breach of contract and intentional interference claims. The parties then entered into an agreement whereby Mr. Puls dismissed without prejudice his third and final claim. Finally, on Mr. Puls' motion, the trial court entered a Rule 54(b) certification and judgment concerning the order granting summary judgment.

IV. **ISSUES RAISED ON APPEAL**.

1. Did the district court err by determining the severance agreement permitted LCNI to give a negative reference to Mr. Puls' new employer?

2. Did the district court err by determining there was no material issue of fact as to whether Mr. Puls' new employer was an "affiliated company" within the parties' intended meaning under the severance agreement?

V. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS.**

A. Does this appeal involve review under 18. U.S.C. § 3742(a) or (b) of the sentence imposed?
    N/A

B. If the answer to question in A is yes, does the defendant also challenge the judgment of conviction?
    N/A

C. Describe the sentence imposed.
    N/A

D. Was the sentence imposed after a plea of guilty?
    N/A

    E.    Is defendant on probation or at liberty pending appeal?
        N/A

**NOTE:** In the event expedited review is requested, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered at the time of appeal by completing and delivering the transcript order form to the clerk of the district court when a notice of appeal is filed. Defendant/appellant must refrain from ordering any unnecessary transcript as this will delay the appeal. If the court orders this appeal expedited, it will set a schedule for preparation of necessary transcripts, for designation and preparation of the record on appeal, and for filing briefs. If issues other than sentencing are raised by this appeal, the court will decide whether bifurcation is desirable.

**VI. INDICATE WHETHER ORAL ARGUMENT IS DESIRED IN THIS APPEAL.** If so, please state why.

Yes, oral argument will be helpful in discussing how the critical facts in the record bear on the parties' intent as manifested in the severance agreement.

**VII. ATTORNEY FILING DOCKETING STATEMENT:**

Name: Bruce G. Smith         Telephone: 303-623-9133

Firm:    Darling, Bergstrom & Milligan PC

Address:    1515 Arapahoe Street, Tower 1, Suite 530
        Denver, CO 80202
        Phone: 303-623-9133
        Fax: 303-623-9129

**PLEASE IDENTIFY ON WHOSE BEHALF THE DOCKETING STATEMENT IS FILED:**

    A.    **XX**    Appellant

        ☐    Petitioner

        ☐    Cross-Appellant

  B. **PLEASE IDENTIFY WHETHER THE FILING COUNSEL IS**

   **XX** Retained Attorney

   ☐ Court-Appointed

   ☐ Employed by a government entity
    (please specify          )

   ☐ Employed by the Office of the Federal Public Defender.


   Signature s/ Bruce G. Smith     Date: July 18, 2008
   **XX** Attorney at Law

**NOTE:** A copy of the court or agency docket sheet, the final judgment or motion filed under Fed. R. Civ. P. 50(b), 52(b), 59, or 60, including any motion for reconsideration, for judgment of acquittal, for arrest of judgment, or for new trial, and the dispositive order(s), any motion for extension of time to file notice of appeal and the dispositive order, and the notice of appeal or petition for review must be attached to all copies of the Docketing Statement, except as otherwise provided in Section I of the instructions.

     The original of this Docketing Statement must be filed. In addition, the Docketing Statement must be e-filed in accordance with the General Order issued by the court on August 10, 2007.

     This Docketing Statement must be accompanied by proof of service.

     The following Certificate of Service may be used.


### CERTIFICATE OF SERVICE

  I, Audra Albright, hereby certify that on July 18, 2008, I sent a copy of the foregoing **Docketing Statement** to: Barbara A. Grandjean at Jacobs Chase Frick Kleinkopf & Kelley, LLC, 1050 17th Street, Suite 1500, Denver Colorado 80265 and William M. Furr at Willcox & Savage, P.C., One Commercial Place, Suite 1800, Norfolk Virginia 23510, attorneys for Landmark Community Newspapers, Inc., a Virginia Corporation and Landmark Community Newspapers of Colorado, Inc., a Colorado corporation by way of United States mail or courier.

_s/ Audra Albright_____          _____7/18/08_____
Signature                                                       Date