## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No.:  07-CV-00170-RPM-CBS

RUSSELL A. PULS, JR.,

      Plaintiff,

vs.

LANDMARK COMMUNITY NEWSPAPERS, INC.,
a Virginia corporation, and LANDMARK COMMUNITY
NEWSPAPERS OF COLORADO, INC., a Colorado corporation

      Defendants.

---

## ORDER GRANTING ENTRY AND CERTIFICATION OF JUDGMENT
## UNDER FED. R. CIV. P. 54(b)

---

THIS MATTER came before the Court on Plaintiff's Motion for Entry and Certification of Judgment Pursuant to Fed. R. Civ. P. 54(b) seeking an order directing entry of a final judgment and certification pursuant to Fed. R. Civ. P. Rule 54(b) specifically finding there is no just reason for delay in entering the judgment and that the order granting summary judgment is a final appealable order.

The Court having considered the motion and the arguments of counsel HEREBY FIND AND CONCLUDES:

      1.    IT IS ORDERED that the summary judgment rendered by the court in the above-entitled action on December 17, 2007 in favor of Defendants, be entered as a final judgment, and the clerk is directed to immediately enter the judgment.

      2.    This Court expressly determines that there is no just reason for delay in the entry of this judgment until final determination of all the issues

involved in the above-entitled action on account of the parties' stipulation and the separability of the third claim for relief, retaliation under Title VII of the Civil Rights Act of 1964, as amended.

      3.      The nature of the claims already determined is such that no appellate court will have to decide the same issue more than once even if there are subsequent appeals.

      4.      An immediate appeal will expedite or avert further litigation.

DATED: July 9th, 2008

BY THE COURT:

s/Richard P. Matsch

_____

Richard P. Matsch, Senior District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No.:  07-CV-00170-RPM-CBS

RUSSELL A. PULS, JR.,

      Plaintiff,

vs.

LANDMARK COMMUNITY NEWSPAPERS, INC.,
a Virginia corporation, and LANDMARK COMMUNITY
NEWSPAPERS OF COLORADO, INC., a Colorado corporation

      Defendants.

---

## JUDGMENT

---

Pursuant to the Order Granting Entry and Certification of Judgment under Fed.R.Civ.P.
54(b) entered by Senior Judge Richard P. Matsch on July 9, 2008, it is

ORDERED that judgment is entered for the defendants Landmark Community
Newspapers, Inc., and Landmark Community Newspapers of Colorado, Inc., and against the
plaintiff Russell A. Puls, Jr.

DATED: July 9, 2008

               FOR THE COURT:

               GREGORY C. LANGHAM, Clerk

                  M. V. Wentz
               By_____
                    Deputy

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Case No.:  07-CV-00170-RPM-CBS

RUSSELL A. PULS, JR.,

      Plaintiff,

vs.

LANDMARK COMMUNITY NEWSPAPERS, INC.,
a Virginia corporation, and LANDMARK COMMUNITY
NEWSPAPERS OF COLORADO, INC., a Colorado corporation

      Defendants.

---

## NOTICE OF APPEAL

---

Notice is hereby given that RUSSELL A. PULS, JR., Plaintiff in the above named case, hereby appeals to the United States Court of Appeals for the Tenth Circuit from the Order Granting Motion for Summary Judgment on First and Second Claims for Relief, entered in this action on the 17th day of December, 2007, as made final by the trial court's July 9, 2008 judgment and certification issued pursuant to Rule 54(b).

Dated July 18, 2008.

                         DARLING, BERGSTROM & MILLIGAN, PC

                By:   _____

                     Bruce G. Smith
                     Attorney for Plaintiff
                     1515 Arapahoe Street
                     Tower 1, Suite 530
                     Denver, CO  80202
                     Telephone: (303) 623-9133

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

RUSSELL J. PULS, JR.

vs.

Case No.

LANDMARK COMMUNITY
NEWSPAPERS, INC., a Virginia
corporation, and LANDMARK
COMMUNITY NEWSPAPERS OF
COLORADO, INC., a Colorado corporation.

## Entry of Appearance

**INSTRUCTIONS:  COUNSEL FOR A PARTY MUST FORTHWITH EXECUTE AND FILE THE ORIGINAL OF THIS FORM, WITH PROOF OF SERVICE ON ALL OTHER PARTIES.  MULTIPLE COUNSEL APPEARING FOR A PARTY OR PARTIES AND WHO SHARE THE SAME MAILING ADDRESS MAY ENTER THEIR APPEARANCES ON THE SAME FORM BY EACH SIGNING INDIVIDUALLY.**

In accordance with 10th Cir. R. 46.1, the undersigned attorney(s) hereby appear as counsel for

RUSSELL J. PULS, JR., Appellant/Petitioner in the subject case.

Further, in accordance with 10th Cir. R. 46.1, the undersigned certifies as follows:  **(Check one.)**

Attached hereto is a completed certificate of interested parties and/or attorneys not otherwise disclosed, who are now or have been interested in this litigation or any related proceeding.  **(File original.)**

**XX**    There are no such parties, or any such parties have heretofore been disclosed to the court.  **(File original.)**

Bruce G. Smith, Esq
Name of Counsel

s/ Bruce G. Smith
Signature of Counsel

Darling, Bergstrom & Milligan PC
1515 Arapahoe Street, Tower 1, Suite 530
Denver, CO 80202
Phone: 303-623-9133
Fax: 303-623-9129
Attorneys for Appellant/Petitioner
bsmith@dbm-law.com

**A-5**  Entry of Appearance Form 10/07

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

| | |
|---|---|
| RUSSELL J. PULS, JR. | |
| | Case No. |
| vs. | |
| LANDMARK COMMUNITY NEWSPAPERS, INC., a Virginia corporation, and LANDMARK COMMUNITY NEWSPAPERS OF COLORADO, INC., a Colorado corporation. | |

### Certificate of Interested Parties

_____

The following are parties to this litigation, including persons or other entities financially interested in the outcome of the litigation, but not revealed by the caption on appeal, see 10th Cir. R. 46.1(C), and attorneys not entering an appearance in this court who have appeared for any party in prior trial or administrative proceedings sought to be reviewed, or in related proceedings that preceded the subject action in this court:

**NONE**.

**A-5** Entry of Appearance Form 10/07

## CERTIFICATE OF SERVICE

I, Audra Albright, hereby certify that on July 18, 2008, I sent a copy of the foregoing **Entry of Appearance and Certificate of Interested Parties** to: Barbara A. Grandjean at Jacobs Chase Frick Kleinkopf & Kelley, LLC, 1050 17th Street, Suite 1500, Denver Colorado 80265 and William M. Furr at Willcox & Savage, P.C., One Commercial Place, Suite 1800, Norfolk Virginia 23510, attorneys for Landmark Community Newspapers, Inc., a Virginia Corporation and Landmark Community Newspapers of Colorado, Inc., a Colorado corporation by way of United States mail or courier.

_s/ Audra Albright_____          _____7/18/08_____
Signature                                                           Date

**A-5**  Entry of Appearance Form 10/07

## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT
_____

### DOCKETING STATEMENT
_____

Case Name: RUSSELL A. PULS, JR. v. LANDMARK COMMUNITY NEWSPAPERS, INC., a Virginia corporation, and LANDMARK COMMUNITY NEWSPAPERS OF COLORADO, INC., a Colorado corporation

Appeal No. (if available): not available

Court/Agency Appeal From: United States District Court for the District of Colorado

Court/Agency Docket No.: 07-CV-00170-RPM-CBS

District Judge: Hon. Richard P. Matsch

Party or Parties filing Notice of Appeal/Petition: RUSSELL A. PULS, JR.

_____

**I.      TIMELINESS OF APPEAL OR PETITION FOR REVIEW**

      **A.      APPEAL FROM DISTRICT COURT**

            1.      Date notice of appeal filed: July 18, 2008

                  a.      Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing notice of appeal:
                              No.

                  b.      Is the United States or an officer or an agency of the United States a party to this appeal?
                              No.

            2.      Authority fixing time limit for filing notice of appeal:

| | |
|---|---|
| Fed. R. App. 4 (a)(1)(A) __XX__ | Fed. R. App. 4 (a)(6) _____ |
| Fed. R. App. 4 (a)(1)(B) _____ | Fed. R. App. 4 (b)(1) _____ |
| Fed. R. App. 4 (a)(2)   _____ | Fed. R. App. 4 (b)(3) _____ |

Fed. R. App. 4 (a)(3) _____           Fed. R. App. 4 (b)(4) _____
Fed. R. App. 4 (a)(4) _____           Fed. R. App. 4 (c)       _____
Fed. R. App. 4 (a)(5) _____
Other: _____

3.      Date final judgment or order to be reviewed was filed and **entered** on the district court docket:

> Final Judgment entered July 9, 2008, pursuant to Fed.R.Civ.P. 54(b) Certification.

4.      Does the judgment or order to be reviewed dispose of **all** claims by and against **all** parties? *See* Fed. R. Civ. P. 54(b).

> No.

**(If the order being appealed is not final, please answer the following questions in this section.)**

a.      If not, did district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

> Yes, July 9, 2008.

b.      If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)?

> N/A

c.      If none of the above applies, what is the **specific** statutory basis for determining that the judgment or order is appealable?

> N/A

5.      Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

a.      Give the filing date of any motion under Fed. R. Civ. P. 50(b), 52(b), 59, 60, including any motion for reconsideration, and in a criminal appeal any motion for judgment of acquittal, for arrest of judgment or for new trial, filed in the district court:

> N/A

b.      Has an order been entered by the district court disposing of that motion, and, if so, when?

> N/A

6.      Bankruptcy Appeals. (To be completed only in appeals from a

judgment, order or decree of a district court in a bankruptcy case or from an order of the Bankruptcy Appellate Panel.)
            N/A

Are there assets of the debtor subject to administration by a district or bankruptcy court?
            N/A

Please state the approximate amount of such assets, if known.
            N/A

**B.     REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the Court of Appeals.)

1.      Date petition for review was filed: N/A

2.      Date of the order to be reviewed: N/A

3.      Specify the statute or other authority granting the court of appeals jurisdiction to review the order: N/A

4.      Specify the time limit for filing the petition (cite specific statutory section or other authority): N/A

**C.     APPEAL OF TAX COURT DECISION**

1.      Date notice of appeal was filed: (If notice was filed by mail, attach proof of postmark.) N/A

2.      Time limit for filing notice of appeal: N/A

3.      Date of entry of decision appealed: N/A

4.      Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? (*See* Fed. R. App. P. 13(a)) N/A

**II.    LIST ALL RELATED OR PRIOR RELATED APPEALS IN THIS COURT WITH APPROPRIATE CITATION(S)**.
            Puls v. Landmark Community Newspapers, Inc., et al., Court of Appeals Case No. 08-1083,

III.   **GIVE A BRIEF DESCRIPTION OF NATURE OF ACTION AND RESULT BELOW**.

Mr. Puls and his former employer Landmark Community Newspapers, Inc. ("LCNI") entered into a severance agreement ending Mr. Puls' employment with LCNI.  Mr. Puls subsequently filed a three count complaint against LCNI, alleging a breach of the severance agreement, intentional interference with Mr. Puls' employment contract with his new employer and retaliation under Title VII.

The trial court granted LCNI's motion for summary judgment and dismissed Mr. Puls' breach of contract and intentional interference claims.  The parties then entered into an agreement whereby Mr. Puls dismissed without prejudice his third and final claim.  Finally, on Mr. Puls' motion, the trial court entered a Rule 54(b) certification and judgment concerning the order granting summary judgment.

IV.   **ISSUES RAISED ON APPEAL**.

1.    Did the district court err by determining the severance agreement permitted LCNI to give a negative reference to Mr. Puls' new employer?

2.    Did the district court err by determining there was no material issue of fact as to whether Mr. Puls' new employer was an "affiliated company" within the parties' intended meaning under the severance agreement?

V.    **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

A.    Does this appeal involve review under 18. U.S.C. § 3742(a) or (b) of the sentence imposed?
        N/A

B.    If the answer to question in A is yes, does the defendant also challenge the judgment of conviction?
        N/A

C.    Describe the sentence imposed.
        N/A

D.    Was the sentence imposed after a plea of guilty?
        N/A

E.      Is defendant on probation or at liberty pending appeal?
            N/A

**NOTE:**      In the event expedited review is requested, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered at the time of appeal by completing and delivering the transcript order form to the clerk of the district court when a notice of appeal is filed. Defendant/appellant must refrain from ordering any unnecessary transcript as this will delay the appeal. If the court orders this appeal expedited, it will set a schedule for preparation of necessary transcripts, for designation and preparation of the record on appeal, and for filing briefs. If issues other than sentencing are raised by this appeal, the court will decide whether bifurcation is desirable.

**VI.    INDICATE WHETHER ORAL ARGUMENT IS DESIRED IN THIS APPEAL.** If so, please state why.

Yes, oral argument will be helpful in discussing how the critical facts in the record bear on the parties' intent as manifested in the severance agreement.

## VII.    ATTORNEY FILING DOCKETING STATEMENT:

Name: Bruce G. Smith                    Telephone: 303-623-9133

Firm:        Darling, Bergstrom & Milligan PC

Address:     1515 Arapahoe Street, Tower 1, Suite 530
             Denver, CO 80202
             Phone: 303-623-9133
             Fax: 303-623-9129

## PLEASE IDENTIFY ON WHOSE BEHALF THE DOCKETING STATEMENT IS FILED:

A.    **XX**    Appellant

☐    Petitioner

☐    Cross-Appellant

---

Case No. 1:07-cv-00170-RPM-CBS   Document 67-2   filed 07/21/08   USDC Colorado   pg 13
of 14
Case 1:07-cv-00170-RPM-CBS   Document 65-3   Filed 07/18/2008   Page 6 of 7

B.     **PLEASE IDENTIFY WHETHER THE FILING COUNSEL IS**

XX     Retained Attorney

☐      Court-Appointed

☐      Employed by a government entity
       (please specify                                    )

☐      Employed by the Office of the Federal Public Defender.


Signature ___s/ Bruce G. Smith_____     Date: July 18, 2008
XX     Attorney at Law

**NOTE:**     A copy of the court or agency docket sheet, the final judgment or
motion filed under Fed. R. Civ. P. 50(b), 52(b), 59, or 60, including
any motion for reconsideration, for judgment of acquittal, for arrest of
judgment, or for new trial, and the dispositive order(s), any motion
for extension of time to file notice of appeal and the dispositive order,
and the notice of appeal or petition for review must be attached to all
copies of the Docketing Statement, except as otherwise provided in
Section I of the instructions.

The original of this Docketing Statement must be filed. In addition,
the Docketing Statement must be e-filed in accordance with the
General Order issued by the court on August 10, 2007.

This Docketing Statement must be accompanied by proof of service.

The following Certificate of Service may be used.


### CERTIFICATE OF SERVICE

I, Audra Albright, hereby certify that on July 18, 2008, I sent a copy of the foregoing
**Docketing Statement** to: Barbara A. Grandjean at Jacobs Chase Frick Kleinkopf & Kelley,
LLC, 1050 17th Street, Suite 1500, Denver Colorado 80265 and William M. Furr at Willcox
& Savage, P.C., One Commercial Place, Suite 1800, Norfolk Virginia 23510, attorneys for
Landmark Community Newspapers, Inc., a Virginia Corporation and Landmark Community
Newspapers of Colorado, Inc., a Colorado corporation by way of United States mail or
courier.

 s/ Audra Albright                                          7/18/08
Signature                                              Date